**Max GREENSTEIN, Plaintiff-Appellant,**

v.

**Mildred P. PAUL, Harry Lebensfeld, Jack Koenig, Joseph A. Dancewicz, United Industrial Syndicate, Inc., and Sagamore Manufacturing Company, Defendants-Appellees.**

No. 31965.

United States Court of Appeals Second Circuit.

Argued April 4, 1968.

Decided Aug. 30, 1968.

Louis C. Fieland, New York City, for plaintiff-appellant.

Edward Brodsky, New York City, Goldstein, Judd & Gurfein, Appel & Goldman, William M. Guttman and Ronald Appel, New York City, of counsel, for defendants-appellees.

Before MOORE, WOODBURY * and SMITH, Circuit Judges.

WOODBURY, Senior Circuit Judge:

The plaintiff brought this action individually, and as the representative of all

* Of the First Circuit, sitting by designation.

other stockholders of Sagamore Manufacturing Company similarly situated, for an accounting, damages and other appropriate relief, charging the defendants with violating § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j (b)) and Rule 10b–5 of the Securities and Exchange Commission thereunder as well as their fiduciary obligations under common law. Jurisdiction of the district court is invoked solely under § 27 of the above Act. 15 U.S.C. § 78aa.

The individual defendants are alleged to be the stockholders and the officers and directors of the defendant United Industrial Syndicate, Inc., a New York corporation alleged to own at the time the complaint was filed 80% or more of the stock of the defendant Sagamore, a Massachusetts corporation. The individual defendants are alleged to be also the directors and officers of Sagamore. They are charged in the complaint with conspiring with one another to syphon the assets and income of Sagamore into Syndicate for its use, depressing the market value of Sagamore's stock below its fair value on the over-the-counter market where the stock was traded, so as to purchase shares of the minority stockholders at depressed prices and effectuate their "freeze-out."

The court below granted the defendants' motion for summary judgment on the ground that the complaint failed to allege, and indeed an undisputed affidavit established that the plaintiff had not sold any of his Sagamore stock during the time when the defendants committed the alleged wrongs but in fact acquired his stock prior to the acts of the defendants of which he complains and had never parted with any of it. The question then is whether there must be a sale of stock by a plaintiff before he can invoke the implied civil remedy afforded by the Act and Rule cited hereinabove. See Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540, 543 (C.A. 2, 1967), citing J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

It has long been the rule in this circuit that to maintain an action under § 10(b) of the Act and Rule 10b–5 of the Securities and Exchange Commission the plaintiff must have been a seller of the stock involved. Birnbaum v. Newport Steel Corp., 193 F.2d 461 (C.A. 2, 1952), cert. denied 343 U.S. 956, 72 S.Ct. 1051, 96 L. Ed. 1356 (1952). Although criticized, Entel v. Allen, 270 F.Supp. 60, 70 (S.D.N. Y., 1967), it is still the rule at least insofar as actions for damages are concerned. Mutual Shares Corp v. Genesco, Inc., supra.

Vine v. Beneficial Finance Co., 374 F. 2d 627 (C.A. 2, 1967), cert. denied 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967), upon which the plaintiff heavily relies, does not hold the contrary. This court in that case adhered to the earlier rule in the circuit but held that a minority stockholder of a corporation merged with another under the mechanics of a short form merger was in fact a "seller" of his stock because after merger, although he still had possession of his certificates, he had no choice but either to convert them to cash at the price fixed by the terms of the merger or else to have them appraised unless, of course, he chose to hold stock in a nonexistent corporation.

In the case at bar the minority stockholders of Sagamore were advised by notice dated August 1, 1966, that the Directors of Syndicate had adopted resolutions to merge Sagamore into it and assume all its obligations, and that thereafter Sagamore would operate as a division of Syndicate. Had this merger been carried out the *Vine* case would be in point. But it was not. By notice dated September 29, 1966, the remaining stockholders of Sagamore were advised that Syndicate's directors had decided to abandon for the time being any proposed merger with Sagamore, although it was their intention to effect this merger at some later date.

When this merger is carried out, if it ever is, the *Vine* case will be in point. Until that event under existing law in this circuit the plaintiff is not a seller and cannot invoke the civil remedy af-

forded by the Act and Rule. His recourse is to the minority stockholders' derivative action which he has brought and which is now pending in the Supreme Court of the State of New York.

Affirmed.