Alan D. **BLEZNAK** et al.

v.

**C.G.S. SCIENTIFIC CORPORA-TION** et al.

v.

**ARTHUR ANDERSEN & CO.,**
Third Party Defendant.

Hyman **COOPER** et al.

v.

**C.G.S. SCIENTIFIC CORPORA-TION** et al.

v.

**ARTHUR ANDERSEN & CO.,**
Third Party Defendant.

Dominick A. **FIRMANI** et al.

v.

John H. **CLARKE** et al.

**Civ. A. Nos. 70-2840, 70-3039
and 71-1044.**

United States District Court,
E. D. Pennsylvania.

Nov. 29, 1973.

See also, D.C., 325 F.Supp. 689.

Parke H. Ulrich, Fox, Differ, Mazer & Callahan, Norristown, Pa., for plaintiff Alan D. Bleznak and others.

Allen I. Rosenberg, Winokur & Kahn, Philadelphia, Pa., for plaintiff Hyman Cooper and others.

Joseph A. Rosenthal, Wilmington, Del., and Allen I. Rosenberg, Winokur & Kahn, Philadelphia, Pa., for plaintiff Dominick Firmani and others.

Franklin Poul and Judith R. Cohn, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants C.G.S. Scientific Corp., Yamas, Wood, Hurley, and Wasserman and Feldman.

Matthew J. Broderick, Arthur E. Newbold, IV, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant Goldman.

David P. Bruton, Drinker, Biddle & Reath, Philadelphia, Pa., for defendant Clarke.

Michael F. Beausang, Jr., Butera & Detwiler, Norristown, Pa., for defendant Taylor.

Robert Louis Seigle, Philadelphia, Pa., for defendant McHugh.

Donald A. Scott, Morgan, Lewis & Bockius, Philadelphia, Pa., for third party defendant Arthur Anderson & Co.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

This matter is before the Court for designation as a class action and confirmation of class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The confirmation of class is in anticipation of settlement and substantially all the facts have been agreed to by the parties.

There are two issues for the Court to determine: first, whether or not this action may be maintained as a class action pursuant to Rule 23; and, second, the scope of the class, that is, whether or not the class, when and if confirmed, will include those shareholders of C.G.S. who purchased before any alleged misleading statements or reports and who allegedly retained or held shares of C.G. S. on the basis of said reports.

As to the first issue, all counsel agree that these actions may be appropriately designated as class actions. As to the second issue, there is no agreement as to whether the class should include shareholders of C.G.S. who purchased prior to the alleged misleading statements and allegedly retained their stock on the basis of said statements.

## HISTORY AND STATUS OF THE PROCEEDINGS

These three class actions were initiated in the fall of 1970 against C.G.S. Scientific Corporation, certain of its directors and its accountants.[1] The three actions, which were consolidated by Order of Judge Fullam on May 24, 1971, charge C.G.S. and the other defendants with issuing and disseminating financial reports of C.G.S. prior to September 16, 1970, which contained materially false and misleading statements or failed to state facts necessary to make the statements not misleading. The actions followed closely upon a press release issued by C.G.S. on September 16, 1970, stating that it would suffer a substantial loss for fiscal 1970, that its interim results for the six and nine-month periods ending February 28, and May 30, 1970 were overstated and that the overstatements might affect the 1969 results previously reported. Although the complaints are not identically worded, each purports to state a cause of action under Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder.[2] Each action was denominated a class action in the complaint, but no motion for confirmation of a class, pursuant to Local Rule 45(c), has ever been filed.[3] The dimensions of the three classes alleged in the original pleadings vary to some degree. The *Firmani* class is alleged to include purchasers of C.G.S. stock between February 1, 1969 and September 17, 1970, and the *Bleznak* and *Cooper* classes are alleged to include purchasers, sellers and holders (retainers) of C.G.S. stock during all times material to the complaints.

Some discovery has been taken in the class actions. However, the parties and the Court have had the benefit of extensive discovery and three weeks of trial before this Court in Adelman v. C. G. S. Scientific Corp., C.A. No. 71–1658, D.C., 332 F.Supp. 137, which trial involved the allegations with respect to the very same financial reports.

On the basis of the information revealed through the *Adelman* case and elsewhere, counsel for plaintiffs and counsel for defendants have concluded that the relevant period during which any materially misleading or inaccurate reports or financial statements might have been issued by C.G.S. for which liability of any of the defendants could possibly be established is between November 1, 1969 and September 17, 1970. During this period, C.G.S. issued its 1969 annual report and two 1970 interim reports which were subsequently corrected. Counsel agree that there is no evidence to demonstrate any inaccuracies in any published financial reports or statements of C.G.S. prior to November 1, 1969. Counsel for the *Firmani* and

---

1. Firmani v. Clarke was originally filed in the District Court in Delaware on September 24, 1970. An amended complaint was filed on December 6, 1970, and the case was transferred to the Eastern District of Pennsylvania on April 22, 1971. Bleznak v. C.G.S. was filed in this district on October 14, 1970, and Cooper v. C.G.S. was filed in this district on November 16, 1970. Although Arthur Andersen & Co. was not named as an original defendant in the *Bleznak* or *Cooper* actions, it was joined as a third party defendant.

2. The *Bleznak* complaint states the action is brought under the Securities Exchange Act of 1934 and the Securities Act of 1933 generally; the *Cooper* action asserts Section 13(a) of the Securities Exchange Act, 15 U.S.C. § 78m as well as Section 10(b). Section 13(a) relates to the manner of filing reports with the SEC.

3. Local Rule 45(c) requires the plaintiff to move for a determination of a class within 90 days of filing of the complaint unless the time is extended for good cause.

*Cooper* plaintiffs and counsel for the defendants agree that the only appropriate class which should be confirmed by the Court consists of "all persons except the defendants and related persons, who purchased common shares of C.G.S. on the open market on or after November 1, 1969 and retained such shares through September 17, 1970."

Counsel for the *Firmani* and *Cooper* plaintiffs and counsel for the defendants also agree that the class should not include shareholders of C.G.S. who purchased shares prior to this period (and on whose behalf a "retention" or "holding" theory had appeared in the original complaints) on the ground that these shareholders have no cause of action under Section 10(b) of the Securities Exchange Act. Counsel for the *Bleznak* plaintiffs,[4] however, take the position that the class should include the shareholders of C.G.S. who purchased *before* any alleged misleading statements or reports and who allegedly retained or held shares of C.G.S. on the basis of said reports. All counsel have agreed upon all other aspects of a settlement of all claims asserted in the three actions and the documentation has been submitted to the Court.

### APPROPRIATENESS OF CLASS ACTION

██ To be maintainable as a class action, a suit must meet all the prerequisites of subdivision (a) of Rule 23 and must qualify as maintainable under one of the provisions of subdivision (b) of that Rule. Eisen v. Carlisle and Jacquelin, 391 F.2d 555 (2d Cir. 1968); Free World Foreign Cars, Inc. v. Alfa Romeo, S.P.A., 55 F.R.D. 26 (S.D.N.Y.1972).

Subdivision (a) of Rule 23, entitled "Prerequisites to a Class Action" provides as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Subdivision (b)(3) of Rule 23, entitled "Class Actions Maintainable," provides as follows:

An action may be maintained as a class action if the prerequisites of (a) are satisfied, and in addition:
. . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy
. . . .

██ It is not necessary that the Court hold an evidentiary hearing prior to making the findings required under Rule 23 for class action determination. Wolfson v. Solomon, 54 F.R.D. 584 (S.D.N.Y.1972); Berman v. Narragansett Racing Association, 48 F.R.D. 333 (D.R.I.1969). In the three cases presently before us, the parties have conducted some discovery; and as previously stated, the parties and the Court have had the benefit of extensive discovery and three weeks of trial in Adelman v. C. G. S. Scientific Corp., et al., Civil Action No. 71–1658, D.C., 332 F.Supp. 137. In addition, it is clear that a class action may be particularly appropriate to claims arising under S.E.C. Rule 10(b). Green v. Wolf Corp., 406 F.2d 291, 296 (2d Cir. 1968), cert. denied 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766.

██ Counsel for all parties agree, and the Court finds that these actions

---

4. The *Bleznak* plaintiffs purchased shares of C.G.S. in November 1968.

may be maintained as class actions under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and we specifically make the following findings:

1. The class is so numerous the joinder of all members is impracticable.

2. There are questions of law or fact common to the class.

3. The claims or defenses of the representative parties are typical of the claims or defenses of the class.[5]

4. The representative parties will fairly and adequately protect the interests of the class.

5. The questions of law and fact common to the members of the class predominate over any questions affecting individual members, and

6. A class action is superior to other available methods for fair and efficient adjudication of the controversy.

## SCOPE OF THE CLASS

All counsel have agreed and the Court finds on the basis of the information revealed through the *Adelman* case and elsewhere, that the relevant period during which any materially misleading or inaccurate reports or financial statements might have been issued by C.G.S. for which liability of any of the defendant could possibly be established is between November 1, 1969 and September 17, 1970. During this period, C.G.S. issued its 1969 annual report and two 1970 interim reports which were subsequently corrected. There is no evidence of which we are aware which would demonstrate inaccuracies in published financial reports or statements of C.G.S. prior to November 1, 1969.

■ As previously indicated, we must determine whether or not the class, as confirmed, should include shareholders of C.G.S. who purchased prior to November 1, 1969 on whose behalf a "retention" or "holding" theory is alleged

in the original complaint. These are the *Bleznak* plaintiffs, and their counsel has submitted a brief to the Court urging the inclusion in the class of those who purchased shares prior to November 1, 1969 and retained them. The opposing view, shared by counsel for all defendants and the *Cooper* and *Firmani* plaintiffs, was also briefed.

Section 10(b) of the Securities Exchange Act makes it unlawful for any person, by use of any means or instrumentalities of interstate commerce or the mails to employ "in connection with the *purchase or sale* of any security . . . any manipulative or deceptive device . . . . in contravention of such rules and regulation as the Commission may prescribe." (Emphasis added)

Rule 10(b)–5 promulgated by the Commission, implements this statutory provision by providing:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) to employ any device, scheme, or artifice to defraud,

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

■ The Securities Exchange Act contains no express provision authorizing private actions for violation of Section 10(b); however, Courts have long

5. The issue as to which of the named plaintiffs are representative of the class is the second issue to be determined by the Court.

inferred such a right. Superintendent of Insurance of New York v. Bankers Life and Casualty Co., 404 U.S. 6, 13 n. 9, 92 S.Ct. 165, 169 n. 9, 30 L.Ed.2d 128 (1971). There is no challenge to the plaintiffs' right to bring these actions. The right, however, has been limited to the class of persons which the statute was designed to protect, i. e. purchasers or sellers of securities who were defrauded in connection with such purchase or sale. A long line of appellate decisions beginning with Birnbaum v. Newport Steel Corporation, 193 F.2d 461 (2d Cir. 1952), cert. denied 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952), have firmly established that only a purchaser or seller of securities who suffered injury as the result of the defendants' fraud in connection with that purchase or sale has a cause of action for damages under Section 10(b). *See e. g.,* Simmons v. Wolfson, 428 F.2d 455 (6th Cir. 1970), cert. denied, 400 U.S. 999, 91 S.Ct. 459, 27 L.Ed.2d 450 (1971); Cooper v. Garza, 431 F.2d 578 (5th Cir. 1970); Erling v. Powell, 429 F.2d 795 (8th Cir. 1970). A number of cases have abolished the purchaser-seller requirement in actions seeking only injunctive relief. Perhaps the leading case on that point is the Third Circuit decision in Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir. 1970), cert. denied sub nom. Glen Alden v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970).

Two Courts in this District confronted with claims of violations of Section 10(b) by shareholders who allege to have retained or held shares on the basis of false reports overstating income or failing to disclose unfavorable information about the issuer have dismissed such actions. In Edelman v. Decker, 337 F.Supp. 582 (E.D.Pa.1972), Judge Weiner dismissed the claims of plaintiffs who alleged that they purchased shares of the City Bank of Philadelphia before allegedly misleading proxy statements were issued. Judge Weiner character-

ied *Birnbaum* and its progeny as a "massive weight of authority," and held that "the plaintiff has not demonstrated to the satisfaction of this Court that there has been any fraud 'in connection with the purchase or sale of any security', and thus there is no standing to maintain an action under Section 10(b) or Rule 10b–5." 337 F.Supp. at 587.

In the Penn Central Securities Litigation, D.C., 347 F.Supp. 1327, Chief Judge Joseph Lord gave careful consideration to the claims of shareholders of Penn Central who acquired their shares before the period of defendants alleged illegal acts. Chief Judge Lord in holding that such shareholders had no cause of action under Section 10(b) because they were not defrauded purchasers or sellers and:

> We conclude that a plaintiff seeking to recover damages pursuant to § 10(b) and Rule 10b–5 must establish that under the expanded definitions of purchase, sale and fraud he has suffered injury as a result of deceptive practices in connection with his purchase or sale of securities. See Simmons v. Wolfson, 428 F.2d 455 (C.A. 6, 1970), cert. denied, 400 U.S. 999, [91 S.Ct. 459, 27 L.Ed.2d 450] (1971); Iroquois Industries, Inc. v. Syracuse China Corp., 417 F.2d 963 (C.A. 2, 1969), cert. denied, 399 U.S. 909, [90 S.Ct. 2199, 26 L.Ed.2d 561] (1970); Greenstein v. Paul, 400 F.2d 580 (C.A. 2, 1968); Edelman v. Decker, 337 F.Supp. 582 (E.D.Pa.1972). (Footnote omitted) [347 F.Supp. at 1333].

It is true, as the *Bleznak* plaintiffs argue, that the definition of purchaser and seller has been liberally construed and expanded and they cite many cases in support of their position. However, the only case which has been called to our attention which clearly abolishes the purchaser-seller requirement for a cause of action such as this under Section 10(b) is Entel v. Allen, 270 F.Supp. 60 (S.D.N.Y.1967). However, the Second

Circuit, in Greenstein v. Paul, 400 F.2d 580 (1968), held that the purchaser-seller requirement of *Birnbaum* is still the law in that circuit and rejected Entel v. Allen. And so do we.

It is clear, therefore, that the class as confirmed should include only those who purchased common stock of C.G.S. on the open market on or after November 1, 1969 and retained such shares through September 17, 1970.