Alan D. BLEZNAK et al., Plaintiffs,

v.

C.G.S. SCIENTIFIC CORPORATION et al., Defendants,

v.

ARTHUR ANDERSEN & CO., Third-Party Defendant.

Hyman COOPER, Plaintiff,

v.

C.G.S. SCIENTIFIC CORPORATION et al., Defendants,

v.

ARTHUR ANDERSEN & CO., Third-Party Defendant.

Dominick A. FIRMANI et al., Plaintiff,

v.

John H. CLARKE et al., Defendants.

Civ. A. Nos. 70–2840, 70–3039 and 71–1044.

United States District Court, E. D. Pennsylvania.

Dec. 31, 1974.

Parke Ulrich, Fox, Differ, Mazer & Callahan, Norristown, Pa., for plaintiff in 70–2840.

Michael F. Beausang, Jr., Butera & Detweiler, Philadelphia, Pa., for L. Taylor.

Matthew J. Broderick, A. E. Newbold, IV, Philadelphia, Pa., for E. L. Goldman.

David P. Bruton, Philadelphia, Pa., for J. H. Clarke.

Donald A. Scott, Philadelphia, Pa., for A. Andersen & Co.

Robert L. Seigle, Philadelphia, Pa., for R. F. McHugh, Jr.

Franklin Poul, Judith R. Cohn, Philadelphia, Pa., for C.G.S. Scientific Corp., C. J. Yamas & G. J. Wood, Hurley, Wasserman, and Feldman.

A. I. Rosenberg, Winokur & Kahn, Philadelphia, Pa., for plaintiff in 70–3039.

Arthur E. Newbold, IV, Philadelphia, Pa., for E. Goldman.

Joseph A. Rosenthal, Wilmington, Del., Allen I. Rosenberg, Philadelphia, Pa., for plaintiff in 71–1044.

## MEMORANDUM AND ORDER

BRODERICK, District Judge.

Before the Court is a petition of counsel for the class action representatives

in these three cases for the allowance of counsel fees and costs. The final settlement of these three consolidated class action securities cases was approved by this Court in a Memorandum and Order dated July 24, 1974.

The law firm of Cohen, Morris and Rosenthal, on behalf of all counsel for the class action representatives in these actions, has petitioned the Court for the allowance of total fees in the sum of $54,000.00. The petition requests approval of this sum for counsel fees, accountants' fees and other out-of-pocket costs.

The plaintiffs brought these actions pursuant to § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (b) and Rule 10b–5 promulgated thereunder by the S.E.C. 17 C.F.R. § 240.10 b–5.

The history and status of these proceedings is set out in prior opinions of this Court. See Adelman v. C.G.S. Scientific Corp., 332 F.Supp. 137 (E.D.Pa. 1971); Bleznak v. C.G.S. Scientific Corp., 61 F.R.D. 493 (E.D.Pa.1973); Bleznak v. C.G.S. Scientific Corp., C.A. Nos. 70–2840, 70–3039 and 71–1044 (E.D.Pa. July 24, 1974). By Memorandum and Order dated and filed on November 29, 1973, this Court approved the class action status of the cases and determined the scope of the class. By Order dated December 27, 1973, the Court gave preliminary approval to the proposed settlement and directed that notice of the pendency of these actions and of the proposed settlement be given by C.G.S. to all members of the class confirmed by this Court's order of November 29, 1973. The notice was given by first class mail to all shareholders of record of C.G.S. who purchased stock on the open market on or after November 1, 1969 and held such stock on September 17, 1970. The Order of December 27, 1973 and the notice to class members further stated, *inter alia,* that

Upon approval of the settlement, plaintiff's attorneys will apply to the Court for the allowance of attorneys' and accountants' fees in the total amount of $54,000, inclusive of expenses, as a sum which represents the fair and reasonable value of their services in these actions and for the expenses incurred in the prosecution of these actions

. . . . . . .

Before deciding whether the settlement and compromise of the consolidated actions if fair, reasonable and adequate, the Court wishes to give members of the class an opportunity to state their views with respect thereto, to make any objections thereto or to withdraw from participation in the class. In accordance with the Order of the Court, you are hereby notified that:

1. *A hearing shall be held before Judge Raymond J. Broderick in the United States Court House, 9th and Market Streets, Philadelphia, Pennsylvania on March 1, 1974, at 9:30 A.M.* to determine whether or not the settlement set forth in the Stipulation of Settlement is fair, reasonable and adequate and should be finally approved by the Court under Rule 23(e) of the Federal Rules of Civil Procedure, and further, in the event the settlement is approved, *to determine the allowance of reasonable fees and expenses for plaintiffs' attorneys and accountants.* (Emphasis supplied.)

During the hearing on the proposed settlement, counsel for all parties, including the objectors, prepared and presented to the Court a Stipulation of Issues. In that Stipulation, no issue was presented as to the fairness and reasonableness of the request for attorneys' fees and accountants' fees. In their brief and argument to the Court at the time of the hearing, the objectors argued that the sum requested was excessive in light of the amount of the settlement and the benefit to the members of the class. In addition, objectors argue that there is no evidence to support the allowance of fees for the accountants. Only two members of the class filed objections to the proposed settlement and fees. The objec-

tors do not take issue with the factual statements in the affidavit of petitioning counsel other than those relating to the fairness of the fee, the bid/asked price of C.G.S. stock, and the saleability of the stock.

■ In Mills v. Electric Auto-Lite Company, 396 U.S. 375, 389–392, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970), the Supreme Court recognized that where a securities class action has produced a common fund for the benefit of a group, expenses, including attorneys' fees, should be shared among all the members of the class. The attorneys' fees and costs found to be reasonable by the Court should be paid out of the common fund recovered from the defendant in settlement. This is not a case where the Court is being requested to determine the amount of reasonable attorneys' fees which should be paid by the defendant to plaintiff's counsel.

■ A recent case in this Circuit setting forth the standards which should be applied in determining a reasonable counsel fee in class action litigation is Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp., 487 F.2d 161 (3d Cir. 1973). In Lindy, the Court set forth the following as the factors to be considered in making a determination as to the reasonableness of the counsel fee:

(a) the number of hours spent in various legal activities by the individual attorneys;

(b) the reasonable hourly rate for the individual attorneys;

(c) The contingent nature of success; and

(d) the quality of the attorneys' work.

In addition, the Court held that where the facts are disputed, an evidentiary hearing is required and an adequate record must be developed. Lindy, supra, at 169; see also Merola v. Atlantic Richfield Company, 493 F.2d 292 (3d Cir. 1974); Dillon v. Berg, 482 F.2d 1237 (3d Cir. 1973).

■ The guidelines established in Lindy and Merola are substantially in accord with prior law. In essence, these factors are similar to the guides set forth in the Code of Professional Responsibility (DR 2–106). As noted by the Third Circuit in Dillon, it is essential for the Court to consider the amount of time expended in achieving success in the litigation. Accord, Kahan v. Rosenstiel, 424 F.2d 161, 174–175, n. 16 (3d Cir. 1970). See also Angoff v. Goldfine, 270 F.2d 185, 188–189 (1st Cir. 1959); Powell v. Pennsylvania Railroad Company, 267 F.2d 241, 245 (3d Cir. 1959). Furthermore, Section 1.47 of the Manual for Complex Litigation provides that in addition to the standards set forth in the Code of Professional Responsibility, a Court in approving attorneys' fees in class actions should consider the following:

(1) that in seeking and accepting employment as counsel for a judicially determined class an element of public service is involved; (2) the representation of the class by counsel is not a result of private enterprise but results from provision of an opportunity to represent the class by a judicial determination; and (3) the policy of the law in class actions . . . is to provide a motive to private counsel to represent consumers and to enforce the laws.

Section 1.47 of the Manual also states:

Once adequate compensation sufficient to provide the motive for representation of classes is provided, no further incentive is required. In this connection, while any fee allowed in the case of a settlement or recovery through litigation may constitute a percentage of the total amount recovered, the reasonableness of the fee arrived at should not rest primarily on the selection of a percentage of the total recovery. Although the results obtained in representing the class should be given consideration as provided in the Code of Professional Responsibility, there should also be an emphasis upon the time and labor required and the effect of the allowance on the public interest and the reputation of the courts. In

no event should representation of a judicially determined class be allowed on the same basis as in a contingent fee contract between competent contracting counsel and clients. . . . The factor 'relied on most heavily by the courts is the benefit the lawsuit has produced.' (citations omitted). Thus, the degree of public benefit which is effected may determine to a great extent the size of the attorneys' fees.

█ There is no question that representation of a class in a securities litigation requires skill and experience. Petitioning counsel have set forth in detail in their petition and affidavits for allowance of fees, their educational and legal background and experience. These affidavits are part of the official record of this litigation and there is no need or reason to restate the qualifications in detail. Suffice to say that petitioning counsel have the requisite skill and experience. They achieved in this litigation an excellant result for the members of the class represented, as pointed out in this Court's opinion of July 24, 1974. Unlike many other cases in the securities field, counsel did not have the benefit of a prior judgment of a court decree in a case brought by the government.

In their affidavits in support of the petition for fees totaling $54,000, counsel for the class action representatives listed the time spent by attorneys in each of the law firms involved and the hourly billing rate for each lawyer involved. The total time expended by plaintiff's counsel on these cases is 613 hours. The billing rates for plaintiffs' attorneys range from $45.00 per hour to $100.00 per hour. The affidavits reveal that time spent in this litigation was fairly allocated to discovery, legal research, preparation of pleadings, settlement negotiations and general trial preparation. Irving Morris, Esq. of the Wilmington firm of Cohen, Morris and Rosenthal, expended 250.25 hours; his partner, Joseph A. Rosenthal, expended 160.75 hours, and Allen I. Rosenberg of the Philadelphia law firm of Kahn, Bushman, Rosenberg and Weisberg ex-

pended 97.5 hours. These three able and experienced trial lawyers expended a total of 508.5 hours, or approximately 83% of the total time spent on these cases by counsel for the class action representatives. Counsel for all the class action representatives undertook these cases on a contingent fee basis. Their only compensation will be the fee awarded by this Court. See Affidavit of Irving Morris, Esq., paragraph 17. The normal hourly rate of Mr. Rosenberg is $60.00 per hour, and the normal hourly billing rate for Messrs. Morris and Rosenthal is $100.00 per hour. A fee calculated solely on the basis of the hourly rate of each counsel would total $53,060.00. The petition requests a total award including counsel fees, accountants' fees and costs in the sum of $54,000.00. The fees requested are approximately 30% of the settlement fund.

According to the affidavits submitted in support of the petition, out-of-pocket expenses have been incurred in the sum of $1,103.38 in this litigation. The Court finds that such costs are fair, reasonable and necessary in connection with this litigation. In addition, prior to filing the complaint, plaintiffs' counsel retained the accounting firm of David Berdon & Co. of New York City as the accountants for the plaintiff in this matter. The Berdon firm was retained and agreed to go forward on the basis of a contingent fee. The Berdon contingent fee was agreed at 20% of the amount awarded to all plaintiffs' attorneys after payment for costs expended.

All the defendants in these cases were represented by able and experienced trial counsel, including, among others, counsel from Wolf, Block, Schorr and Solis-Cohen; Dechert, Price & Rhoads; Morgan, Lewis and Bockius; and Drinker, Biddle and Reath.

The final settlement was reached after extensive arms-length negotiations among the parties on the basis of the discovery in these cases and extensive discovery and three weeks of trial in the case of Adelman v. C.G.S. Scientific Corp., *supra*. This Court discussed in

detail the final settlement and the legal and factual problems of proceeding to trial on the merits in its Memorandum and Order dated July 24, 1974. This Court made the finding then, and again finds, that settlement was fair, reasonable and adequate and in the best interest of the members of the class. Counsel for the class action representatives diligently and effectively prosecuted these cases, and their work has been of high quality.

Here, as in *Lindy*, it is apparent that counsel's efforts created a single fund on behalf of all claimants and that the attorneys' time contributed equally to the recovery of each claimant. Therefore, the pro rata share of each member of the class will be reduced by deducting the fee award from the settlement fund prior to distribution.

This Court finds that a fair and reasonable fee for counsel in this case is $50,000. This award of counsel fees is based on the standards so clearly set forth by Chief Judge Seitz in *Lindy* and restated by Judge Garth in *Merola*. In accordance with the *Lindy* opinion, we have considered the number of hours spent in this litigation by petitioning counsel as well as the manner in which they were spent. We have considered what a normal hourly rate would be for petitioning counsel, and there is no question that the fee approved in this case is fair and reasonable if one views it solely in the light of an hourly rate for such skilled and experienced trial counsel. In addition, when this fee is examined in the light of the result obtained for the members of the class in this complex litigation which was keenly contested, we are of the opinion that the fee is clearly fair and reasonable. As we have heretofore pointed out, the settlement fund in these cases is an amount which a jury could conceivably determine to be the maximum damages to which they would be entitled to recover under the law. If these cases had been tried to verdict, there is no doubt that hundreds of additional hours of lawyers' time would have been expended. The possibility, however, of a trial producing a more favorable recovery for the class is remote, and the class would risk the many hazards of litigation, such as trial errors, appeals, verdict uncertainty, etc. And, of course, in a case such as this where petitioning counsel had no fee agreement other than the contingent fee arrangement with the clients who retained them, their skill and experience would have produced no compensation had the case resulted in a judgment for defendants.

■ As the Second Circuit pointed out in Alpine Pharmacy, Inc. v. Chas. Pfizer & Co., Inc., 481 F.2d 1045, 1050 (1973):

[F]ew would dispute the basic proposition that one whose labors produce a favorable result deserves adequate recompense. Such a notion is particularly applicable in the area of the antitrust class action, which depends heavily on the notion of the private attorney general as the vindicator of the public policy. *See, e.g.,* Perma Life Mufflers, Inc. v. Int'l Parts Corp., 392 U.S. 134, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968). In the absence of adequate attorneys' fee awards, many antitrust actions would not be commenced, since the claims of individual litigants, when taken separately, often hardly justify the expense of litigation.

This reasoning appears to be just as applicable to Securities class action cases as it is to antitrust class action cases. To make certain that the public is represented by talented and experienced trial counsel, the remuneration should be both fair and rewarding. The concept of the private attorney acting as a "private attorney general" is vital to the continued enforcement and effectiveness of the Securities Acts.

The attorneys' fees in this case have been approved by this Court on the basis of all the relevant factors heretofore enumerated with much weight having been given to the results obtained for the class. We have taken into consideration the fact that the fee as approved will provide adequate motivation for repre-

sentation of classes. Although the Court has not based its approval upon the percentage of recovery, the amount of the fee awarded is within the range of attorneys' fees awarded in other securities litigation settlements in this district and elsewhere.[1]

■ We agree with the objectors, however, that there is a question as to the sufficiency of the proof offered by petitioners relating to the services performed by the certified public accountants retained in this case. We do not take issue with the procedure of retaining accountants in this type of litigation on a con-

tingency fee basis. Indeed, in many cases, this is the only practical alternative. However, that fact does not lessen the burden of petitioning counsel to furnish this Court with an affidavit or testimony concerning the services performed by the accountants. Since no such evidence was presented in this case, the Court is not approving any amount as payment to the accountants. In view of the fact that petitioning counsel have asserted a contingent fee contract with the accountants, counsel will be required to pay the accounts out of the sum awarded for counsel fees.

I.

| Case | Amount Recovered | Fees Awarded | Percentage |
|---|---|---|---|
| Cannon v. Texas Gulf Sulphur Co., CCH Fed.Sec.L.Rptr. ¶94,110 (SD NY 1973) (Bonsal, J.) | $2,700,000 | $ 585,000 | 20% |
| Siegel v. Realty Equities Corporation of New York, CCH Fed.Sec. L.Rptr. ¶94,102 (SDNY 1973) (McMahon, J.) | 625,000 | 160,000 | 26% |
| In Re Four Seasons, CCH Fed.Sec. L.Rptr. ¶94,052 (W.D.Okla.1973) (Thomsen, J.) | 7,000,000 | 725,000 | 10% |
| Schlusselberg v. Keystone Custodian Funds, Inc., CCH Fed.Sec.L. Rptr. ¶93,901 (SDNY 1973) McMahon, J.) | 1,750,000 | 450,000 | 27% |
| Feder v. Harrington, 58 FRD 171 (SDNY 1972) (McMahon, J.) | 630,000 | 150,000 | 24% |
| Rosenfeld v. Black, 56 FRD 604 (SDNY 1972) (Gurfein, J.) | 1,000,000 | 250,000 | 25% |
| Colonial Realty Corp. v. Baldwin-Montrose Chemical Corp., Civ. No. 68–991 (E.D.Pa. April 18, 1972) (Weiner, J.) | 1,500,000 | 375,000 | 25% |
| Percodani v. Riker-Maxson, CCH Fed.Sec.L.Rptr. ¶93,337 (SDNY 1972) (Croake, J.) | 3,200,000 | 650,000 | 20% |
| Volvovitz v. VTR, Inc., CCH Fed. Sec.L.Rptr. ¶93,292 (SDNY 1971) (Tyler, J.) | 400,000 | 75,000 | 19% |
| City of Philadelphia v. International Pipe & Ceramics Corp., Civ. No. 73,008 (E.D.Pa. June 30, 1971) (Davis, J.) | 5,000,000 | 1,250,000 | 25% |
| Monash v. Sigma Instruments, Inc., Civ. No. 70–875 (E.D.Pa. Apr. 30, 1971) (Becker, J.) | 189,000 | 56,700 | 30% |
| Epstein v. Weis, CCH Fed.Sec.L. Rptr. ¶92,938 (E.D.La.1970) (Cassilery, J.) | 1,000,000 | 300,000 | 30% |

This Court, therefore, finds that on the basis of the factors heretofore enumerated, counsel for the class action representatives shall be awarded the sum of $50,000.00 as counsel fees and $1,103.-38 as costs. Such amounts are fair and reasonable and shall be deducted from the settlement fund in this case.

This Memorandum shall constitute the Court's findings of fact and conclusions of law, pursuant to Rule 52(a), Federal Rules of Civil Procedure.

Accordingly, the following order is entered:

### SUPPLEMENTAL ORDER WITH RESPECT TO SETTLEMENT

By Order dated July 26, 1974, this Court approved the settlement of the above captioned actions pursuant to a Stipulation of Settlement dated December 19, 1973. On July 30, 1974, plaintiffs' counsel filed a petition for attorneys' fees and expenses. In disposition of this petition and in order to implement the Court approved settlement, it is hereby ordered that:

1. Counsel fees inclusive of expenses in the amount of $51,103.38 are hereby approved as fair and reasonable. Said sum shall be paid to the firm of Cohen, Morris & Rosenthal on behalf of all plaintiffs' attorneys and shall be deducted from the cash portion of the settlement fund by the Escrow Agent prior to distribution.

2. The 125,000 shares of C.G.S. common stock to be issued and delivered pursuant to the Stipulation of Settlement are being issued in exchange for the bona fide claims of the plaintiff class upon terms and conditions which are approved by this Court, as fair and reasonable, after hearing at which all members of the class had the right to appear. The securities are therefore exempt pursuant to Section 3(a)(10) of the Securities Act of 1933 from the requirement of registration by the defendants. The class excludes any person who is in a control relationship to C.G.S., and subsequent transfers by members of the class who receive said shares shall be exempt from registration requirements of the Securities Act of 1933 under Section 4(1) thereof and the said shares shall not be subject to any restriction as to sale or transfer by the distributees thereof.

3. Within 40 days of the date of this Order, C.G.S. shall send a second Notice by first class mail to members of the confirmed class who have not elected to be excluded from the class pursuant to paragraph 4 of the Order of December 27, 1973, in substantially the form attached as Appendix A. The Notice shall provide that all members of the class file a verified proof of claim by February 28, 1975.

4. This Court shall retain jurisdiction of this action in order to pass upon proofs of claim, approve the reimbursement to counsel for administrative expenses and cost of notice and instruct the Escrow Agent with respect to the distribution of the settlement fund.

### APPENDIX "A"

### SECOND NOTICE TO CERTAIN SHAREHOLDERS OF C.G.S. SCIENTIFIC CORPORATION

This notice is being mailed to you pursuant to Rule 23(c)(2) and 23(d) of the Federal Rules of Civil Procedure in the belief that you purchased common shares of C.G.S. Scientific Corporation (hereinafter "C.G.S.") on the open market on or after November 1, 1969 and that you retained said shares through September 17, 1970. The purpose of this notice is to advise you of the approval of a settlement and compromise of the above entitled consolidated actions and the manner in which you must file a claim in order to participate in the settlement fund.

On December 19, 1973, the class representatives and the defendants in the above-captioned actions, by their attorneys, entered into a Stipulation of Settlement which provides for the settlement and compromise of all the claims asserted in the three actions upon cer-

tain terms and conditions, subject to the approval of the United States District Court for the Eastern District of Pennsylvania and to the provisions of Rule 23 of the Federal Rules of Civil Procedure which require that any settlement or compromise of a class action be approved by the Court after notice to members of the confirmed class.

On November 29, 1973, Judge Raymond J. Broderick, United States District Judge of the Eastern District of Pennsylvania, entered an order permitting these actions to be maintained as a single class action on behalf of all persons, except the defendants and related persons, who purchased common shares of C.G.S. on the open market on or after November 1, 1969 and retained such shares through September 17, 1970. He denied confirmation of any other class and held that the allegations of the complaint asserting rights on behalf of shareholders who retained shares on the basis of certain financial statements did not state a cause of action under section 10(b) of the Securities Exchange Act of 1934. By order of December 27, 1973, Judge Broderick also directed that notice of the settlement set forth in the Stipulation of Settlement and of the procedures which will be conducted in connection with it be sent to members of the confirmed class. Such notice was mailed in January, 1974.

On July 24, 1974, after hearing on the aforesaid settlement in which all class members had the opportunity to participate, the Honorable Raymond J. Broderick found the settlement to be "fair, adequate and reasonable" and gave final approval to it pursuant to Rule 23 of the Federal Rules of Civil Procedure on the terms and conditions of the Stipulation of Settlement. The appeal period has past and no appeal from the aforesaid order and judgment has been taken.

The Stipulation of Settlement provides essentially that a total settlement fund of $100,000 and 125,000 shares of common stock of C.G.S. will be created, which shall constitute a full and complete satisfaction of the claims of the class including any and all claims that members of the class have or may have for the recovery of attorneys' and accountants' fees and expenses.

On December 31, 1974, the Court signed a supplemental order declaring that the 125,000 shares of C.G.S. common stock being issued in connection with the settlement are in exchange for the bona fide claims of the plaintiff class upon terms and conditions which are approved by the Court as fair and reasonable after hearing and therefore exempt pursuant to Section 3(a)(10) of the Securities Act of 1933 from the requirement of registrations by the defendants. Subsequent transfers by members of the class who receive shares shall be exempt from the registration requirement of Section 4(1) of the Securities Act of 1933.

*All persons who purchased stock of C.G.S. on the open market on or after November 1, 1969 and retained said shares through September 17, 1970, are hereby advised that in order to receive a share of the settlement fund you must complete the attached proof of claim form, have it properly notarized, and return it to the Clerk of the United States District Court for the Eastern District of Pennsylvania, P.O. Box 17270, Philadelphia, Pennsylvania 19105, postmarked no later than February 28, 1975.*

Unless this form is received by the aforesaid date, you will be *forever* barred from any recovery from the defendants in the aforesaid actions or any matters which were raised or could have been raised in these actions, and any participation in the settlement.

Upon receipt of the aforesaid proof of claim forms the settlement fund, less administrative expenses and plaintiffs' counsel fees and expenses approved by the Court will be distributed on a per share pro rata basis. Thus the amount of your recovery will depend upon the number of shares as to which proof of claim forms are filed.

This constitutes the *Final Notice* which you will receive with respect to the aforementioned actions and the settlement thereof.

If you have any questions concerning the matters dealt with in this Notice which you want to raise, please address your questions to Irving Morris, Esquire, P.O. Box 1070, 301 Market Tower, Wilmington, Delaware 19899, or Allen I. Rosenberg, Esquire, 1920 Two Penn Center, Philadelphia, Pennsylvania 19102, counsel for the plaintiffs, or to Judith R. Cohn, Esquire, 12th Floor, Packard Building, Philadelphia, Pennsylvania 19102, counsel acting for the defendants.

The Stipulation of Settlement, the pleadings and other documents, including the opinion and order approving the settlement of these actions may be examined and copied at any time during regular office hours at the offices of the Clerk of the United States District Court for the Eastern District of Pennsylvania, Philadelphia, Pennsylvania.

> JOHN J. HARDING
> Clerk of the United States District Court for the Eastern District of Pennsylvania, P.O. Box 17270
> Philadelphia, Pennsylvania 19105

Dated:

## PROOF OF CLAIM FORM

### A. INSTRUCTIONS

1. All sections of this form must be completed. With respect to any portion for which you are making no response, insert the words "none" or "inapplicable" where appropriate. Incomplete forms will be returned to the claimant for completion.

2. The application must be signed by the individual claimant or an officer of the corporation making the claim. All applications must be sworn to before a notary public, a form for which is incorporated in this claim application. All signers are cautioned that they are making representations under oath to a United States Federal Court, and signers must assure the truthfulness and accuracy of the representations made.

3. This form should be mailed to:

> United States District Court for the Eastern District of Pennsylvania
> P.O. Box 17270
> Philadelphia, Pennsylvania 19105

4. All forms must be received postmarked no later than February 28, 1975.

### B. CLAIM FORM

1. Name and address of record owner of C.G.S. shares purchased on the open market as to which a claim is made:

2. If the beneficial owner of shares as to which claim is made is other than record owner, state name and address of beneficial owner.

3. Number of shares purchased on or after November 1, 1969, but before September 17, 1970.

4. Date(s) of purchase of above shares.

5. Number of shares retained on September 17, 1970:_____

6. If any of the shares referred to in response to question number 3 have been sold, state date(s) of sale.

The filing of this claim form constitutes a release of the defendants and all other persons whomsoever from liability with respect to the settled claims.

_____
Claimant

STATE OF        ⎫
COUNTY OF       ⎬ SS
                ⎭

BEFORE ME, a Notary Public, personally appeared _____, on this _____ day of _____, 1974 who, upon being duly sworn, stated that the facts on the foregoing application were true to the best of his knowledge.

_____
Notary Public