Leroy G. MESHEL, et al.

v.

NUTRI/SYSTEM, INC., et al.

Herbert C. VAN HORN

v.

NUTRI/SYSTEM, INC., et al.

Ronald KASSOVER

v.

NUTRI/SYSTEM, INC., et al.

Master File No. 63–1440.

Civ. A. Nos. 83–2214, 83–2385.

United States District Court,
E.D. Pennsylvania.

May 15, 1984.

Richard D. Greenfield, Haverford, Pa., Paul Bernstein, New York City, Bernard Gross, Harold E. Kohn, Arnold Levin, Philadelphia, Pa., Samuel Sporn, New York City, for plaintiffs.

John G. Harkins, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

A joint application for counsel fees and reimbursement of litigation expenses and administration costs has been filed by six law firms [1] which are counsel for plaintiffs Leroy G. Meshel, Herbert C. Van Horn and Ronald Kassover. The application arises out of litigation begun on March 25, 1983 by the filing of a complaint by Meshel in *Meshel v. Nutri/System, Inc. et al.*, C.A. No. 83–1440. On May 9, 1983, Van Horn filed a complaint in *Van Horn v. Nutri/System, Inc., et al.*, C.A. No. 83–2214.

---

1. The law firms are Bernstein, Litowitz, Berger & Grossman; Greenfield & Chimicles, P.C.; Gross & Sklar, P.C.; Kohn, Savett, Marion & Graf, P.C.; Levin & Fishbein, P.C.; and Schoengold & Sporn, P.C.

On May 18, 1983 Kassover filed a complaint in *Kassover v. Nutri/System, Inc., et al.,* C.A. No. 83–2385. Defendants named in the complaints are Nutri/System, Inc., its directors and L.F. Rothchild, Unterberg, Towbin, the managing underwriters in the sale of 770,000 shares of Nutri/System shares sold pursuant to the prospectus dated January 12, 1983. The complaints charged the defendants with violation of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, and Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder by the Securities and Exchange Commission, in that the prospectus was materially false and misleading by failing to disclose adequately the future business prospects of Nutri/System and its subsidiaries. Specifically, plaintiffs alleged that the prospectus failed to disclose the likelihood that Nutri/System would close a number of its Gloria Marshall Figure Salons and "i" Natural Cosmetic Shops, and that franchisees had charged Nutri/System with violations of federal antitrust laws.

The three cases were consolidated and certified as class actions. The plaintiffs then commenced discovery by way of depositions, interrogatories, and examination of documents. The parties had intensive settlement negotiations which resulted in a stipulation of settlement being entered into on January 11, 1984 for the sum of $4,000,-000.00 plus interest.

This application was filed on behalf of the six law firms seeking a joint award of counsel fees for the services of counsel in this litigation in the amount of $975,000.00 and their disbursements as of January 11, 1984 in the amount of $27,444.54. The fees and reimbursement for disbursements are to be paid out of the settlement fund of $4,000,000.00 plus accrued interest. The counsel fee requested is approximately 2.3 times the hourly rate normally charged by the applicants, but less than 25% of the recovered amount. The normally charged hourly rate totals $422,826.75. There have been no objections filed to the joint application for fees and reimbursement of expenses.

■ When a fund is recovered in a class action, the Court, in determining the fee to be awarded, must carefully examine a variety of factors which vary with the circumstances of each case. *Lindy Brothers Builders v. American Radiator & Standard Sanitary Corp.,* 540 F.2d 102 (3 Cir. 1976) ("Lindy II"); *Lindy Brothers Builders v. American Radiator & Sanitary Corp.,* 487 F.2d 161 (3d Cir.1973) ("Lindy I").

■ We shall first examine the services detailed by counsel for which compensation is requested. The purpose of the award of attorneys fees is to compensate the attorneys for the reasonable value of their services. The first inquiry should be the hours spent by the attorneys in the various general activities, e.g. pretrial discovery, settlement negotiations, and the hours spent by the various classes of attorneys, e.g. senior partners, junior partners, associates. (Lindy I). Lindy suggests the logical beginning in valuing an attorney's services is to fix a reasonable hourly rate for his time, taking into account his legal reputation and status (partner, associate). Where, as here, several law firms have requested fees, several different rates apply. The reasonable hourly rate is then multiplied by the reasonable number of hours necessary to perform the services, and this is the "lodestar" of the court's fee determination. The "lodestar" may be increased or decreased by taking into account the contingent nature of success and the quality of the attorney's work. The contingent nature of success is of special significance where, as in the case *sub judice,* the attorneys have no private agreement that guarantees payment even if there is no recovery. In determining the quality of the attorney's work we must consider the complexity and novelty of the issues presented, the quality of the work which we have observed, and the amount of the recovery obtained. (Lindy I).

The applicants filed their application for a fee jointly and request a single aggregate fee award. They allege that they worked

on the litigation jointly, thereby avoiding duplication of effort.

Each of the law firm applicants has filed an affidavit in support of the joint application for counsel fees and reimbursement which includes a description of the law firm and a breakdown of the number of hours spent by each firm (and individuals) and their normal hourly billing rate. The breakdown of the hours spent by the individuals in each firm, their hourly rate, and the firm's disbursements is attached for each firm.

The time devoted by the respective applicants[2] was as follows:

| FIRM | HOURS | HOURLY RATE | VALUE |
|---|---|---|---|
| Bernstein, Litowitz, Berger & Grossmann | 964.75 | $35 to $235 | $140,805.00 |
| Greenfield & Chimicles | 558.50 | $35 to $225 | 94,858.00 |
| Gross & Sklar | 507.75 | $40 to $185 | 70,140.00 |
| Kohn, Savett, Marion & Graf | 345.25 | $85 to $295 | 63,293.75 |
| Levin & Fishbein | 30.25 | $110 to $165 | 4,908.75 |
| Schoengold & Sporn | 253.88 | $125 to $225 | 48,821.25 |
| TOTALS | 2660.38 | | $422,826.75 |

The combined "lodestar" is $422,826.75. There have been no objections to the "lodestar" by the class members. Since the joint applicants have itemized their services and since the "lodestar" is uncontested, we have no difficulty awarding the "lodestar" as counsel fees, since a careful analysis of the affidavits filed by the applicants shows them to be accurate and reasonable. As burdensome as it is for a court to calculate only the "lodestar", our task becomes most difficult when, as here, the applicants request an increase of the "lodestar".

Although the petitioning counsel have filed a joint application for fees, each law firm has itemized its work. We shall therefore examine the affidavits individually.

The petitioner Bernstein, Litowitz, Berger & Grossman claims a total of 964.75 hours. The members of this law firm have successfully prosecuted representative litigation throughout the country as lead or co-lead counsel in a number of complex securities cases. An examination of Appendix A reveals that the hourly rate for Paul M. Bernstein is $235.00. Although that rate may seem high to some, it has been approved in other cases involving Mr. Bernstein. We shall therefore accept it here. We shall likewise accept the hourly rate of the other members of the firm. A careful review of Appendix B satisfies us that there was no duplication of services performed.

The petitioner Kohn, Savett, Marion & Graf, P.C. claims a total of 345.25 hours. This petitioner is well known for its knowledge and abilities in class action litigation. The firm is among lead counsel or on the executive committee of numerous multi-district cases and other class suit litigation. Appendix B reveals the hourly rate in 1984 for H.E. Kohn is $295.00 (in 1983, his hourly rate was $290.00). Although that rate may also seem high to some, it has been approved in other cases involving Mr. Kohn, and we shall therefore accept it. We shall also accept the hourly rate of other firm members. A careful review of Appendix D satisfies us that there was no unnecessary duplication of services performed.

We have also carefully examined the affidavits of the other petitioning law firms, and find them to be acceptable. Each affidavit itemizes each attorney's time expend-

---

**2.** Bernstein, Litowitz, Berger & Grossman—See Appendix A.
Greenfield & Chimicles—See Appendix B.
Gross & Sklar—See Appendix C.
Kohn, Savett, Marion & Graf—See Appendix D.
Levin & Fishbein—See Appendix E.
Schoengold & Sporn—See Appendix F.

ed for each character of the legal work performed.

We, therefore, find initially that the Bernstein, Litowitz, Berger & Grossman law firm is reasonably entitled to a fee of $140,805.00; that Greenfield & Chimicles, P.C. is reasonably entitled to a fee of $94,-858.00; that Gross & Sklar, P.C., is reasonably entitled to a fee of $70,140.00; that Kohn, Savett, Marion & Graf, P.C. is reasonably entitled to a fee of $63,293.75; that Levin & Fishbein, P.C. is reasonably entitled to a fee of $4,908.75; and that Schoengold & Sporn, P.C. is reasonably entitled to a fee of $48,821.25. The lodestar for the joint applicants is therefore $422,826.75.

■ The next factor for us to consider is the extent, if any, to which the quality of an attorney's work mandates increasing the amount to which we have found the attorney reasonably entitled. *Lindy I* at 168. *Lindy I* mandates that we consider the complexity and novelty of the issues, the quality of work we observe, and the amount of recovery obtained. There is no question as to the quality of the work of the applicants. The amount recovered and the result achieved clearly demonstrates the quality of the services performed. The benefit conferred upon the class is of importance in fixing the attorneys' fees. *Lindy I, Levin v. Mississippi River Corp.,* 377 F.Supp. 926 (S.D.N.Y.1974), *affirmed,* 508 F.2d 836 (2d Cir.1974). Here, the applicants were successful in obtaining for the class, a settlement of $4,000,000.00. There are 1,608 claimants in the case *sub judice* whose claims total $9,366,310.00. Thus the settlement of $4,000,000.00 is excellent under all of the circumstances.

■ The benefit conferred upon the class must be valued against the time expended. Merely valuing the time in fixing the attorneys' fee could reward inefficiency and penalize efficiency. See *Dorfman v. First Boston Corporation,* 70 F.R.D. 366 (E.D.Pa.1976). Professor Hornstein in his article entitled "Legal Therapeutics: The 'Salvage' Factor in Counsel Fee Awards", 69 Harv.L.Rev. 658 stated:

"Where success is a condition precedent to compensation, 'hours of time expended' is a nebulous, highly variable standard, of limited significance. One thousand plodding hours may be far less productive than one imaginative, brilliant hour. A surgeon who skillfully performs an appendectomy in seven minutes is entitled to no smaller fee than one who takes an hour; many a patient would think he is entitled to more."

Awarding fees based solely upon hours could reward a poor performance. The need to view attorneys' time in relation to the results achieved has been recognized by the courts in applying the principles set forth by *Lindy I.*

As stated, the settlement obtained by the applicants is excellent as to amount. The standing and ability of the applicants certainly contributed in producing the fund obtained and the efficiency in which it was obtained. This complex litigation could have burdened the trial and appellate courts for a great length of time had it not been settled.

In *Bleznak v. C.G.S. Scientific Corp.,* 387 F.Supp. 1184 (E.D.Pa.1974), Judge Broderick aptly described the situation here when he stated:

"If these cases had been tried to verdict, there is no doubt that hundreds of additional hours of lawyers' time would have been expended. The possibility, however, of a trial producing a more favorable recovery for the class is remote, and the class would risk the many hazards of litigation, such as trial errors, appeals, verdict uncertainty, etc."

In awarding fees in class actions, courts have recognized the importance of encouraging, by generous fee awards, private counsel to undertake responsibility to assist in the enforcement of antitrust laws. As Judge Weinstein stated in *Doglow v. Anderson,* 43 F.R.D. 472, 494–5 (E.D.N.Y. 1968):

"In some areas of the law, society is dependent upon 'the initiative of lawyers for the assertion of rights' ... and the maintenance of desired standards of con-

duct. The prospect of handsome compensation is held out as inducement to encourage lawyers to bring such suits... The instant case presents a classic example of such a lawsuit. Quite obviously, a major incentive to forceful prosecution is the substantial counsel fee plaintiffs' attorney believes he may be awarded if successful."

■ The fee of the applicants is wholly contingent. The contingent nature of the fee must be taken into consideration by us in fixing the final fee. The contingent nature of the fee requires that the award be generous, for had counsel worked just as long and hard, but obtained nothing for the class, they would receive nothing.

■ The applicants have requested that they be awarded a total fee of $975,000.00 which represents an increase of approximately 2.3 times the "lodestar" of $422,926.75. The applicants undertook their representation on a contingent fee basis, performed work of the highest quality, and obtained an excellent recovery. The fee requested is less than 25% of the principal amount of the settlement (with interest now accruing at the rate of approximately

$30,000.00 per month). A fee of 25% of the benefit recovered for the class "is well within the traditional percentage of recovery awarded as fees in class actions." *Miller v. Fisco, Inc.*, [1978 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 96,348 at p. 93, 187 (E.D.Pa.1978).

The applicants have also requested reimbursement of costs disbursements which are set forth in the attached appendices. A careful review of the disbursements made by each of the applications does not reveal any reason not to approve and award the requested total amount of $39,730.29.[3]

### ORDER

The Joint Application by Class Counsel for Counsel Fees and Reimbursement of Litigation Expenses and Administration Costs is GRANTED.

The following funds shall be paid out of the settlement funds to petitioning counsel:

| | |
|---|---|
| FEES | $975,000.00 |
| Reimbursement of Costs and Disbursements | 39,730.29 |

IT IS SO ORDERED.

---

**3.**

| | |
|---|---|
| The Bernstein firm's total disbursements were | $ 9,665.43 |
| The Greenfield firm's total disbursements were | 6,438.25 |
| The Gross firm's total disbursements were | 18,564.26 |
| The Kohn firm's total disbursements were | 4,056.15 |
| The Schoengold firm's total disbursements were | 1,006.20 |
| TOTAL | $39,730.29 |

(The Levin firm had no disbursements).

APPENDIX A

ANALYSIS OF THE TIME OF
BERNSTEIN LITOWITZ BERGER & GROSSMANN
AS OF JANUARY 11, 1984

| Attorney | | Pleadings & Briefs | Research | Depositions | Documentary Discovery | Other Discovery | Settlement | Meetings of Counsel | Court Appearances | Fee Application | Total Per Person |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Paul M. Bernstein | (P) | 26.75 | 12.50 | 20.50 | 36.25 | 19.00 | 63.75 | 26.00 | 22.25 | | 227.00 |
| Ronald Litowitz | (P) | 3.50 | | | 2.50 | | | | | | 6.00 |
| Max W. Berger | (P) | 3.75 | 9.50 | | 8.25 | 13.50 | .25 | | | | 35.25 |
| Edward A. Grossmann | (P) | 27.75 | 5.75 | 72.25 | 54.50 | 8.50 | 35.00 | 5.00 | 8.25 | | 217.00 |
| Penny P. Domow | (A) | 101.50 | | 92.75 | 163.00 | 38.25 | 10.00 | 10.25 | 8.00 | | 423.75 |
| | | 163.25 | 27.75 | 189.50 | 271.50 | 97.50 | 109.00 | 41.25 | 38.50 | | 964.75 |
| Paralegal | | | | | | | | | | | |
| Genie Principe | | | | | 2.00 | | | | | | 2.00 |
| Barbara DiResto | | | | 4.00 | 2.00 | 14.00 | | | | 2.50 | 22.50 |
| Nora Gold | | | | | 3.00 | 4.25 | | | | 24.00 | 31.25 |
| | | | | | | | | | | 26.50 | |

"P" denotes Partner
"A" denotes Associate

|  |  | Hours* | Rate | Total |
|---|---|---|---|---|
| Paul M. Bernstein | (P) | 227.00 | $235 | $53,345.00 |
| Ronald Litowitz | (P) | 6.00 | 190 | 1,140.00 |
| Max W. Berger | (P) | 35.25 | 175 | 6,168.75 |
| Edward A. Grossmann | (P) | 217.00 | 165 | 35,805.00 |
| Penny P. Domow | (A) | 423.75 | 100 | 42,375.00 |
| Genie Principe | (PA) | 2.00 | 45 | 90.00 |
| Barbara DiResto | (PA) | 22.50 | 35 | 787.50 |
| Nora Gold | (PA) | 31.25 | 35 | 1,093.75 |
|  |  | 964.75 |  | $140,805.00 |

"P" denotes Partner
"A" denotes Associate
"PA" denotes Paralegal Assistant

## OUT–OF–POCKET LITIGATION DISBURSEMENTS IN MESHEL v. NUTRI/SYSTEM, INC.

*Bernstein Litowitz Berger & Grossmann*

| Xerox | $ 2,959.12 |
|---|---|
| Deposition Transcripts | 3,162.55 |
| Postage | 511.30 |
| Travel and Meals | 923.71 |
| Local Transportation | 97.15 |
| Messengers | 160.30 |
| Court Fees | 3.00 |
| Long Distance Telephone | 490.16 |
|  | $ 8,307.29 |

*Kreindler & Kreindler*

| Xerox | $ 28.63 |
|---|---|
| Postage | 117.26 |

| Travel and Meals | $ 166.22 |
|---|---|
| Local Transportation | 1.50 |
| Messengers | 63.75 |
| Long Distance Telephone | 62.12 |
| Lexis | 409.62 |
| Books and Publications | 12.00 |
|  | $ 861.10 |

| TOTAL: | $ 9,168.39 |
|---|---|

*Expenses of Bernstein, Litowitz, Berger & Grossman From January 12, 1984 Through March 16, 1984*

| Duplicating and Printing | $ 16.30 |
|---|---|
| Special Postage (includes messenger) | $ 67.40 |
| Travel | $ 65.00 |
| Long Distance Telephone | $ 348.34 |
| TOTAL: | $ 497.04 |

## APPENDIX B

### GREENFIELD & CHIMICLES TIME–NUTRI/SYSTEM
#### CATEGORY CODE

| ATTORNEY | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | Attorney/ PL Total/ | Attorney/ PL Rate/ | AMT. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Richard D. Greenfield | 59.00 | 21.25 | 24.25 | 10.75 |  | 12.75 | 14.50 | 25.50 | 9.50 | 177.50 | 225.00 | 39,937.00 |
| Nicholas E. Chimicles | 2.75 |  |  |  |  | 14.25 |  | 4.50 | 1.00 | 22.50 | 180.00 | 4,050.00 |
| Donald B. Lewis |  | 2.50 |  |  |  |  |  |  |  | 2.50 | 180.00 | 450.00 |
| Carole A. Broderick | 111.50 | 26.00 |  |  |  |  | 1.50 |  |  | 139.00 | 180.00 | 25,020.00 |
| Susan W. Schneider | 11.75 | 68.50 | 96.50 | 1.00 |  | 30.50 | 1.50 | 6.75 | .50 | 217.00 | 110.00 | 23,870.00 |

| PARALEGAL | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Francine Warton |  |  | 39.75 |  |  |  |  |  |  | 39.75 | 35.00 | 1,391.00 |
| David Straussfeld |  | 4.00 |  |  |  |  |  |  |  | 4.00 | 35.00 | 140.00 |

| TOTAL ATTORNEY | $93,327.00 |
|---|---|
| TOTAL PARALEGAL TIME | $ 1,531.00 |
|  | $94,858.00 |

EXPENSES INCURRED
BY GREENFIELD & CHIMICLES
THROUGH JANUARY 16, 1984

| TYPE OF EXPENSE | TOTAL AMOUNT |
|---|---|
| Photocopying (Firm) | $ 784.25 |
| Postage | 79.75 |
| Telephone | 63.08 |
| Travel, Food & Lodging | 519.15 |
| Miscellaneous Client Expense | 736.10 |
| Filing Fees | 60.00 |
| Courier Service | 168.07 |
| Photocopying (Outside) | 184.94 |
| Subpoena Witness Fees | 30.00 |
| Clerical Overtime | 79.00 |
| Transportation | 10.50 |
| TOTAL | $ 2,714.84 |

*Expenses Of Greenfield, Chimicles & Lewis From January 12, 1984 Through March 16, 1984*

| | |
|---|---|
| Duplicating and Printing | $ 14.00 |
| Special Postage | $ 3.06 |
| Travel, Food & Lodging | $ 131.10 |
| Deposition Transcripts | $3,553.80 |
| Courier Service | $ 11.45 |
| Overtime | $ 10.00 |
| TOTAL: | $3,723.41 |

The work performed by the law firm of Gross & Sklar, P.C. may be summarized as follows:

APPENDIX C

WORK PERFORMED

| ATTYS | P&B | RES | DEP | DOC | DISC | STLMT | MTG | SPEC | CT | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|
| BMG | 42.50 | 8.25 | 6.25 | 10.00 | 23.50 | 12.75 | 13.50 | | 7.25 | 124.00 |
| EAS | 38.25 | 11.25 | 53.75 | 52.50 | 34.00 | 13.75 | 12.00 | 7.00 | 4.24 | 226.75 |
| JSC | 7.50 | | 16.50 | 55.75 | 5.25 | 36.50 | | .75 | | 122.25 |
| JSK | | | | 5.25 | | | | | | 5.25 |
| PLS | 3.50 | | | 4.00 | 4.00 | | | 18.00 | | 29.50 |
| TOTALS: | 91.75 | 19.50 | 76.50 | 127.50 | 66.75 | 63.00 | 25.50 | 25.75 | 11.50 | 507.75 |

The following schedule is a calculation of the lodestar compensation requested by petitioner for each attorney and legal assistant at the applicable and historical hourly rates that the work was performed:

| ATTYS | TIME PERIOD | HOURS | RATE | ATTY TOTAL | FIRM TOTAL |
|---|---|---|---|---|---|
| BMG | 1983 | 124.0 | $185/hr | $22,940.00 | |
| EAS | 1983 | 226.75 | $150/hr | $34,012.50 | |
| JSC | 1983 | 122.25 | $ 95/hr | $11,613.75 | |
| JSK | 1983 | 5.25 | $ 75/hr | $ 393.75 | |
| Legal Ass't | 1983 | 29.50 | $ 40/hr | $ 1,180.00 | $70,140.00 |

COSTS INCURRED

| | |
|---|---|
| Court costs | $ 67.00 |
| Transcripts of Court proceedings or depositions | $ 152.80 |
| Witness fees | $ 30.00 |
| Travel | $ 13.73 |
| Long distance telephone, telegraph and telecopier | $ 187.82 |
| Duplicating and printing expenses | $2,713.65 |
| Special postage | $ 423.41 |
| Professional services | |
| Class Notice costs | $ 169.00 |

| | | | |
|---|---|---|---|
| Class Notice Advertising | $3,680.56 | Travel | $ 1.50 |
| TOTAL: | $7,437.97 | Telephone | $ 17.89 |

*Expenses of Gross & Sklar, P.C. From January 12, 1984 Through March 16, 1984*

| | | | |
|---|---|---|---|
| | | Transfer Records | $ 354.46 |
| | | Printing Notice | $ 6,351.01 |
| | | Wall Street Journal | $ 3,255.00 |
| | | Broker Reimbursements | $ 784.54 |
| Photocopies | $ 174.13 | TOTAL: | $11,126.29 |
| Postage | $ 187.76 | | |

## APPENDIX D

### ANALYSIS OF TIME OF KOHN, SAVETT, MARION & GRAF, P.C. FROM THE INCEPTION OF THE CASE THROUGH JANUARY 11, 1984

| NAME | POSITION | WORK PERFORMED | TIME | TOTAL TIME FOR FIRM |
|---|---|---|---|---|
| Harold E. Kohn | Attorney | Pleadings and Briefs | 46.00 | |
| | | Research | 1.50 | |
| | | Depositions | 28.50 | |
| | | Documentary Discovery | 4.75 | |
| | | Settlement | 47.00 | |
| | | Counsel Meetings | 6.00 | |
| | | Court Appearances | 7.75 | |
| | | Preparation for Court Appearance | 17.00 | 158.50 |
| | | | | $45,960.00 |
| | | | | |
| David H. Marion | Attorney | Pleadings and Briefs | 13.50 | |
| | | Research | 1.25 | |
| | | Depositions | .25 | |
| | | Documentary Discovery | .25 | |
| | | Settlement | .25 | |
| | | Counsel Meetings | 10.50 | |
| | | Court Appearances | .50 | |
| | | Preparation for Court Appearance | 2.00 | 28.50 |
| | | | | $ 4,705.00 |

### ANALYSIS OF TIME OF KOHN, SAVETT, MARION & GRAF, P.C. FROM THE INCEPTION OF THE CASE THROUGH JANUARY 11, 1984

| NAME | POSITION | WORK PERFORMED | TIME | TOTAL TIME FOR FIRM |
|---|---|---|---|---|
| Joseph C. Kohn | Attorney | Pleadings and Briefs | 11.25 | |
| | | Depositions | 9.75 | |
| | | Documentary Discovery | 16.50 | |
| | | Settlement | .25 | |
| | | Court Appearances | 1.75 | |
| | | Preparation for Court Appearance | 2.50 | 42.00 |
| | | | | $ 2,747.50 |
| | | | | |
| Barbara A. Podell | Attorney | Pleadings and Briefs | 87.75 | |
| | | Depositions | 13.25 | |
| | | Documentary Discovery | 7.25 | |
| | | Settlement | 1.75 | |

| NAME | POSITION | WORK PERFORMED | TIME | TOTAL TIME FOR FIRM |
|------|----------|----------------|------|---------------------|
| | | Counsel Meetings | 3.50 | |
| | | Court Appearances | 2.75 | 116.25 |
| | | | | $ 9,881.25 |
| | | | TOTAL: | 345.25 |
| | | | | $63,293.75 |

| Hourly Rates | | |
|--------------|------|------|
| | 1983 | 1984 |
| Harold E. Kohn | $290 | $295 |
| David H. Marion | 165 | 175 |
| Joseph C. Kohn | 65 | 75 |
| Barbara A. Podell | 85 | 90 |

| ANALYSIS OF EXPENSES OF KOHN, SAVETT, MARION & GRAF, P.C. FROM THE INCEPTION OF THE CASE THROUGH JANUARY 11, 1984 | | *Analysis Of Expenses Of Kohn, Savett, Marion & Graf, P.C., From Inception Of The Case Through March 16, 1984* | |
|---|---|---|---|
| DESCRIPTION | TOTAL TO DATE | DESCRIPTION | TOTAL TO DATE |
| Miscellaneous | $ .50 | Miscellaneous | $ .50 |
| Court Costs | 103.00 | Court Costs | $ 103.00 |
| Transcripts of Court Proceedings or Depositions | 1,609.30 | Transcripts of Court Proceedings or Depositions | $1,609.30 |
| Witness Fees | –0– | Witness Fees | $ –0– |
| Travel | 1,084.37 | Travel | $ 646.22 |
| Long Distance Telephone, Telegraph and Telecopier | 163.26 | Long Distance Telephone, Telegraph and Telecopier | $ 233.72 |
| Duplicating and Printing | 576.40 | Duplicating and Printing | $ 741.80 |
| Special Postage | 195.50 | Special Postage | $ 339.50 |
| Professional Services | 110.00 | Professional Services | $ 110.00 |
| Lexis | 182.11 | Lexis | $ 182.11 |
| Advances to Committees of Counsel | –0– | Advances to Committees of Counsel | $ –0– |
| Overtime | 180.00 | Overtime | $ 90.00 |
| TOTAL: | $ 4,204.44 | TOTAL: | $4,056.15 |

APPENDIX E

## LEVIN & FISHBEIN

| Attorney | Hours Expended |
|----------|----------------|
| Arnold Levin | 28¾ |
| Laurence S. Berman | 1½ |
| TOTAL | 30¼ Hours |

### HOURLY RATE ANALYSIS

| Attorney | Hours Expended | × | Hourly Rate | = | Total |
|---|---|---|---|---|---|
| Arnold Levin | 28.75 | × | $165.00 | = | $4,743.75 |
| Laurence S. Berman | 1.50 | × | $110.00 | = | $165.00 |
| | | | TOTAL | = | $4,908.75 |

### EXHIBIT "B"

LEVIN & FISHBEIN
320 Walnut Street
Suite 600
Philadelphia, PA 19106

### TIME REPORT

Categories:
1 = Documents
2 = Discovery
3 = Court Activity
4 = Counsel Meetings
5 = Liability and Damages
6 = Settlement Negotiations
7 = Other General Matters

| Name | 1 | 2 | 3 | 4 | 5 | 6 | 7 | TOTAL | RATE | $ VALUE OF TIME |
|---|---|---|---|---|---|---|---|---|---|---|
| Arnold Levin | 17 | 5¼ | — | 2 | ¾ | 2 | 1¾ | 28¾ | $165 | $4,743.75 |
| Laurence S. Berman | — | — | — | — | — | ¼ | 1¼ | 1½ | $110 | $165.00 |
| TOTALS | 17 | 5¼ | — | 2 | ¾ | 2¼ | 3 | 30¼ | | $4,908.75 |

### APPENDIX F

ANALYSIS OF THE TIME OF SCHOENGOLD & SPORN, P.C.
AS OF JANUARY 16, 1984

| Attorney | Document Discovery | Depositions | Discovery of Landlords | Correspondence and Consultations | Pleadings, Briefs & Filings | Damage Analysis and Research | Settlement Consultations and Document Review | Total |
|---|---|---|---|---|---|---|---|---|
| Samuel P. Sporn (Partner) | 26.51* | 57.60 | 5 | 28.24 | 31.05 | 15.10 | 8 | 171.50** |
| Moshe Balsam (Associate) | 6.41* | 3.00 | 24 | 3.67 | 10.50 | 32.80 | 2 | 82.38** |
| | 32.92 | 60.60 | 29 | 31.91 | 41.55 | 47.90 | 10 | 253.88*** |

\* The various times are expressed in hours and tenths of an hour, e.g., 26.51 hours = 26 hours, 31 minutes.

\*\* TOTALS: SAMUEL P. SPORN — 171 hours, 30 minutes
MOSHE BALSAM — 82 hours, 23 minutes

\*\*\* TOTAL ATTORNEYS' TIME 253 hours, 53 minutes (This is the same time as 253.88, supra, which is an expression in hours and tenths of an hour)

6. The following is a list of expenses incurred in the instant litigation by Schoengold & Sporn, P.C.:

| | |
|---|---|
| Service & Filing Fees | $ 60.00 |
| Copying | 192.90 |
| Messenger | 87.00 |
| Mailing (Express Overnight and Regular) | 85.40 |
| Long Distance Telephone | 72.00 |
| Transcript | 81.90 |
| Travel NY—Phila, Food & Cabs | 242.00 |
| TOTAL | $821.20 |

Sworn to before me this

16th day of January 1984.

*Moshe Balsam*

Notary Public

MOSHE BALSAM
Notary Public, State of New York
No. 24-4763453
Qualified in Kings County
Commission Expires March 30, 19__

*Expenses of Schoengold & Sporn, P.C.*
*From January 12, 1984 Through*
*March 16, 1984*

| | |
|---|---|
| Special Postage (Messenger, Express Mail) | $ 86.00 |
| Travel | $ 80.00 |
| Long Distance Telephone | $ 19.00 |
| TOTAL: | $185.00 |

Lawrence A. Towers, Whyte & Hirschboeck, Milwaukee, Wis., for plaintiffs.

Stanley Weiner, Foley & Lardner, Milwaukee, Wis., for defendants.