**INTERNATIONAL AIR RESPONSE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 01–5117.**

United States Court of Appeals, Federal Circuit.

April 7, 2003.

Lawrence A. Kasten, Lewis and Roca LLP, of Phoenix, AZ, filed a response to the petition for rehearing for plaintiff-appellant.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for defendant-appellee. With him on the petition were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; and Donald Kinner, Assistant Director.

Before MICHEL, CLEVENGER, and SCHALL, Circuit Judges.

### ORDER

The United States has petitioned for panel rehearing of the court's September 4, 2002 decision. *Int'l Air Response v. United States,* 302 F.3d 1363 (Fed.Cir. 2002) (*"IAR "*).

International Air Response ("IAR") appealed from the final decision of the United States Court of Federal Claims that dismissed its complaint under the Contract Disputes Act, 41 U.S.C. §§ 601–613 ("CDA"), for lack of jurisdiction on the ground that it was untimely. *See Int'l Air Response v. United States,* 49 Fed. Cl. 509 (2001). The court held that an order issued by the United States District Court for the District of Arizona that stayed the running of the one-year period for IAR to challenge a final decision of a contracting officer under the CDA was invalid. The basis for the court's holding was its conclusion that the Arizona district court lacked authority to issue the stay order. *Id.* at 512–13. We reversed and remanded the case for adjudication of the merits of IAR's challenge to the contracting officer's final decision. *IAR,* 302 F.3d at 1365. We did so after holding that, under the doctrine of *res judicata,* the government was foreclosed in the Court of Federal Claims from collaterally attacking the district court's authority to issue the stay order, and because, with the benefit of the stay order, IAR's action was timely. *Id.*

In its petition for rehearing, the government contends that our opinion contains two material errors of law. First, the government argues that we misapplied the doctrine of *res judicata.* Second, it argues that, assuming we properly applied the doctrine, we erred in invoking it in this

case because, in doing so, we improperly enlarged the waiver of sovereign immunity under the CDA. Preliminarily, we note that, in its appeal brief and at oral argument, the government did not respond to IAR's *res judicata* argument. In any event, neither of these contentions has merit.

The government's first argument is that the doctrine of *res judicata* should not be applied in this case because IAR is using the doctrine offensively, in that IAR is resorting to the doctrine to defeat the government's statute of limitations defense in IAR's CDA action. In other words, the government argues that the doctrine may only be used by a defendant to bar a claim against it. In addition, the government notes that the terms *"res judicata* and collateral estoppel are sometimes confused," and that even if we confused the terms in this case, we still erred because the doctrine of collateral estoppel also does not apply here. In response to the government's petition, we clarify that although our opinion uses the term *res judicata,* in fact we applied collateral estoppel in this case. *See Migra v. Warren City School District Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (noting that in its generic sense, *"res judicata "* is a broad term that encompasses both issue preclusion (sometimes referred to as collateral estoppel) and claim preclusion (sometimes referred to as res judicata)).[1]

 Under the doctrine of collateral estoppel, when the second action is upon a different cause of action, the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the

---

1. In our opinion, we stated: "A second suit will be barred by *res judicata* if: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as

the first." To the extent that this statement suggests application of claim preclusion rather than issue preclusion in this case, we note that, in making the statement, we were only generally stating the law of *res judicata* and were not actually applying claim preclusion.

outcome of the first action. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The government argues that collateral estoppel cannot be invoked in this case because the issue of whether the Arizona district court had authority to enter the stay under the All Writs Act was not litigated before that court, and because the issue was not necessary to the outcome of the case. We do not agree with the government that we erred in our application of collateral estoppel.

■ First, the authority issue was litigated in the Arizona District Court. IAR argued to the Arizona district court that the court had authority under the All Writs Act to stay the running of the time for challenging the contracting officer's final decision in order to prevent duplicative litigation. In response, the government conceded that it was within the district court's discretion to grant the stay, but the government argued against the court exercising its discretion. Subsequently, the government elected not to appeal the stay order to the Ninth Circuit. Under these circumstances, we cannot say that the government did not litigate the issue of whether the district court had authority to enter the stay under the All Writs Act.

Second, the district court's determination of whether it had authority to enter the stay was necessary to the outcome of the first action. If the district court had not entered the stay, IAR would have been required to file a suit in the Court of Federal Claims appealing the contracting officer's decision within twelve months of that decision. In such an action, like the one presently before the court, IAR would have been challenging the contracting officer's determination that IAR's contract with the government was void *ab initio.* Certainly, any decision in such an action would have had an effect on the action in the district court, in which the government

alleged that IAR was unjustly enriched when it received aircraft of higher value in exchange for aircraft of lower value as a result of fraud and alternatively, as a result of the contract between the government and IAR being void. Accordingly, the district court's determination of whether it had authority to enter the stay was necessary to the outcome of that case. In short, *res judicata* (i.e., collateral estoppel) bars the government from relitigating the issue of whether the district court had authority to enter the stay under the All Writs Act.

In making its second argument—that we erred in invoking the doctrine of *res judicata* in this case because, in doing so, we enlarged the CDA waiver of sovereign immunity—the government directs our attention to *United States v. United States Fidelity & Guaranty Co.,* 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940) (*"USF & G"*). In USF & G, the United States, as trustee for the Choctaw and Chickasaw Nations, filed a claim for $2,000 against the Central Coal & Coke Company in a first action in federal district court in Missouri. In that action, the coal company responded with a cross-claim for $11,060.90. Thereafter, the Missouri district court decreed a balance of $9,060.90 in favor of the coal company, and no appeal was taken from the decision. 309 U.S. at 510, 60 S.Ct. 653. Subsequently, when the coal company's surety attempted to enforce this judgment in a second action, the United States resisted on sovereign immunity grounds. *Id.* at 511, 60 S.Ct. 653. The Supreme Court stated that "[a]s no appeal was taken from [the] Missouri judgment, it is subject to collateral attack [even in view of *res judicata* ] only if void." *Id.* at 514, 60 S.Ct. 653. The Court observed, however: "No statutory authority granted jurisdiction to the Missouri Court to adjudicate a cross-claim against the United States." *Id.* at 512, 60 S.Ct. 653. The Court added that the gov-

ernment's immunity could not be waived by failure to object to the Missouri court's exercising jurisdiction over the coal company's cross-claim. *Id.* at 513–14, 60 S.Ct. 653. Accordingly, the Court declared the Missouri judgment "void in so far as it undertakes to fix a credit against the Indian Nations." *Id.* at 512, 60 S.Ct. 653.

 The government's reliance on *USF & G* is misplaced. In contrast to what occurred in USF & G, we do not view the decision of the district court in this case as directly implicating issues of sovereign immunity. Unlike the first court in USF & G, which did not have jurisdiction over the entire amount of the cross-claim against the Indian Nations, the district court here plainly had jurisdiction over the *qui tam* action against IAR. It was in that setting that the court issued its order under the All Writs Act staying the running of the CDA limitations period. Because the government did not challenge the district court's authority and did not appeal the issuance of the stay order, the result of the order is that IAR is now able to appeal the contracting officer's final decision, more than a year after it was issued. However, this secondary consequence of the district court's stay order, even assuming it implicates considerations of sovereign immunity, does not justify deviation from the rule that "principles of res judicata [also] apply to jurisdictional determinations—both subject matter and personal." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Accordingly,

IT IS ORDERED THAT:

The Petition for Rehearing is denied.