**Ronald L. GREEN, Plaintiff–Appellant,**

**v.**

John E. POTTER,* Defendant–
Appellee.

No. 02–16870.

D.C. No. CV–00–00155–LRH/RJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.**

Decided Aug. 1, 2003.

Before BROWNING, LEAVY, and
HAWKINS, Circuit Judges.

MEMORANDUM ***

Ronald Green appeals the district court's summary judgment in favor of the Postmaster General in Green's action alleging that the United States Postal Service did not rehire him because he had a history of impairment or because it regarded him as disabled, in violation of the Rehabilitation Act. Green also alleged retaliation, in violation of Title VII. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), and we affirm.

The district court properly determined that res judicata barred Green's claims alleging that the Postal Service discriminated against him by requiring a pre-employment psychiatric examination because he fully litigated this issue before the Merit Systems Protection Board and the United States Court of Appeals for the Federal Circuit. *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir.2001) (holding that res judicata precludes further review when there is identity of the claims, a final decision, and identical parties); *Green v. United States Postal Service,* No. 98–3349, 1999 WL 127499, *4–5 (Fed.Cir. Mar.9, 1999) (per curiam) (unpublished) (holding that requirement for psychiatric examination was routine when rehiring employees with history of prior mental illness, not inconsistent with normal practices, and reasonable).

Summary judgment was proper on Green's retaliation claims because he failed to raise a genuine issue of material fact as to whether his employer took an adverse employment action against him, *see Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1112–13 (9th Cir.2000), or whether requiring him to take a psychiatric examination was otherwise pretextual, *see Bradley v. Harcourt Brace & Co.,* 104 F.3d 267, 270 (9th Cir.1996).

The district court properly granted summary judgment on Green's Rehabilitation Act claims because he failed to raise a genuine issue of material fact that he was disabled within the meaning of the Act, *see Zukle v. Regents of the Univ. of Cal.,* 166 F.3d 1041, 1045 (9th Cir.1999), or that his narcissistic personality disorder is a mental impairment that substantially limits one or more major life activities, *see Thornton*

* John E. Potter is substituted for his predecessor, William G. Henderson, as Postmaster General of the United States pursuant to Fed. R.App. P. 43(c)(2).

** Because the panel unanimously finds this case suitable for decision without oral argument, we deny Green's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

*v. McClatchy Newspapers, Inc.,* 292 F.3d 1045, 1046 (9th Cir.2002) (order).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.