NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3425

RONALD L. GREEN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Ronald L. Green, of Henderson, Nevada, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3425

RONALD L. GREEN,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  May 11, 2007

_____

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

This is yet another chapter in the protracted saga of the petitioner Ronald L. Green's unsuccessful attempts to require the United States Postal Service ("Postal Service") to rehire him, following his alleged recovery from the disability that led to the termination of his employment.  The story includes three trips to this court, one to the Ninth Circuit and several to the Merit Systems Protection Board ("Board"), and his filing of two district court suits against the Postal Service.  Green v. Pottter, CV-S-00-0155-LRH (RJJ) (D. Nev. 2002) (order consolidating Green's two suits and granting Potter, the Postmaster General, summary judgment), aff'd Green v. Potter, 70 Fed. Appx. 976 (9th Cir. 2003).  In the present case, we reject Green's numerous challenges to the

Board's latest decision that rejected his challenges to the Postal Service's action, and affirm the Board.

I

In January, 1994, Green was separated from his job with the Postal Service because he had a form of depression that disabled him from performing his duties, and began receiving disability compensation. Thereafter he contended that his disability had terminated and that the Postal Service improperly had refused to reinstate him. The Board dismissed his two appeals, and this court affirmed both dismissals. Green v. U.S. Postal Serv., MSBP Docket No. DE-0752-95-0041-I-1 (Initial Decision, February 23, 1995), aff'd Green v. U.S. Postal Serv., 78 F.3d 602, 1996 WL 39683 (Fed. Cir. 1996) (Table) ("Green I"); Green v. U.S. Postal Serv., MSPB Docket No. SF-0353-98-0034-I-1 (Initial Decision, Oct. 31 1997), aff'd Green v. Merit Sys. Protection Bd., 194 F.3d 1330, 1999 WL 132219 (Fed. Cir. 1999) (Table) ("Green II").

In December, 1997, the Office of Workers' Compensation Programs terminated Green's compensation benefits because he had fully recovered. In January, 1998, he filed with the Postal Service another request for restoration to duty, and a Department of Veteran Affairs' psychiatrist advised the Postal Service that Green was free of mental illness. Green v. U.S. Postal Serv., 194 F.3d 1330, 1999 WL 127499, at *1 (Fed. Cir. 1999) (Table) ("Green III"), cert. denied, 528 U.S. 912 (1999). A series of administrative disputes with the Postal Service followed, which culminated in the Postal Service scheduling an appointment for him with a psychiatrist. When Green failed to keep that appointment, apparently on the ground that he believed it was unnecessary, the Postal

Service stopped considering him for re-employment. We sustained the Postal Service's action as reasonable. Id. at *2.

Green underwent further psychiatric examinations, which produced disagreement among the doctors over whether he was able to return to work. The Postal Service continued to refuse to restore him to duty, and in 2005 he appealed the Postal Service's latest such ruling to the Board.

The full Board affirmed and modified the administrative judge's initial decision (rendered after an evidentiary hearing on one of Green's contentions) rejecting Green's challenges to the Postal Service's refusal to reinstate him. The Board rejected Green's contention that the Postal Service had violated the Uniformed Services Employment Rights Act of 1994 and the Veteran's Employment Opportunites Act of 1998. It ruled that his challenge to the Postal Service's failure to reemploy him in 1998 was barred by res judicata and untimeliness.

II

Green presents a potpourri of challenges to the Postal Service's refusal to reemploy him and the Board's affirmance of those actions. We have considered but have rejected all of these contentions. Only four of them warrant any discussion, and those but briefly.

A. Green contends that the Postal Service's refusal to reemploy him violated two federal statutes. One was the Uniform Services Employment Rights Act of 1998, 38 U.S.C. § 4311, under which a veteran claiming discrimination in employment must show that his military status was "a 'motivating factor'" in the Agency's employment action against him. Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1013 (Fed. Cir. 2001).

Green has shown nothing that even suggests, let alone establishes, that his military service (completed more than twenty years earlier) had anything to do with the Postal Service's refusal to rehire him. In these circumstances, the Board's administrative judge did not abuse his broad discretion over the admission of evidence in refusing to permit Green to testify on his claim under this statute.

The other statute was the Veterans Preference Act, which, in conjunction with Postal Service's Employee and Labor Relations Manual ("ELM"), requires the Postal Service to give a veteran a preference in employment when he recovers from a compensable injury more than a year after his disability compensation began. ELM § 546.131. An implementing regulation, 5 C.F.R. § 353.301(b), requires that to obtain such priority the veteran must request employment within 30 days of the cessation of compensation benefits. Although Green initially complied with that requirement by requesting reemployment within 30 days after he ceased receiving benefits on December 15, 1997, those proceedings terminated when the Postal Service stopped considering his application, because Green had failed to appear for his scheduled psychiatric examination—an action this court upheld as reasonable. Green III at *2, *5.

The Veterans Preference Act request requirement is subject to the Board's general regulatory requirement that "a restoration appeal must be filed within 30 days after the effective date of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later," 5 C.F.R. § 1201.22(b), "unless the appellant demonstrates good cause for the delay." Id. § 1201.22(c). The Board properly concluded that Green's ensuing appeals to it were untimely because they were

not filed within 30 days of the Postal Service's rulings he was challenging, and that he had not shown the requisite good cause.

B. Green challenges the Postal Service's refusal to reinstate him in 1998. The Board correctly held that our 1999 decision upholding that action was <u>res judicata</u> of this claim, and required its rejection. This case satisfied the three requirements for <u>res judicata</u> set forth in <u>International Air Response v. United States</u>, 302 F.3d 1363, 1368 (Fed. Cir. 2002); (1) the parties in this case and the earlier one are identical; (2) the previous decision was a final judgment on the merits; and (3) the present claim is based on the same set of transactional facts as the claim previously adjudicated, <u>i.e.</u>, the Postal Service's refusal to reemploy him. <u>Green III</u> at *3; <u>see also</u>, <u>Spruill v. Merit Sys. Protection Bd.</u>, 978 F.2d 679, 686 (Fed. Cir. 1992) (dismissal for failure to state a claim is a decision on the merits).

C. Green contends that the Postal Service exceeded its authority when in 1998 it undertook independently to determine whether Green was qualified to return to work, after the Office of Workers' Compensation Programs terminated his disability compensation upon ruling that his disability had terminated. Green relies upon 5 U.S.C. § 8128 (b), which provides that the action of the Secretary of Labor or his designatee (in this case the Office of Workers' Compensation Programs), "in awarding or denying [disability] payment" "is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise." These provisions, however, preclude review of the Secretary's allowance or denial of disability payments—here the termination of Green's disability payments. They do not preclude the Postal Service

from itself determining whether a disabled former employee whose disability payments have been terminated is qualified to return to work. <u>Cf.</u> <u>Minor v. Merit Sys. Protection Bd.</u>, 819 F.2d 280, 283 (Fed. Cir. 1987) ("a decision of OWCP or the Employees' Compensation Appeal Board 'does not bind' the MSPB acting within its own separate statutory sphere of deciding the propriety of restoration"); <u>Nat'l Assoc. of Letter Carriers v. U.S. Postal Serv.</u>, 272 F.3d 182 (3rd Cir. 2001) (holding that the arbitrator of an employee's wrongful termination claim was not bound by the factual conclusions made by the Office of Workers' Compensation).

CONCLUSION

The decision of the Board is

<u>AFFIRMED</u>.