NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3132

ARCHIMEDES F. NOBLES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Archimedes F. Nobles, of Cabuaan, San Narciso, Philippines, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Brian M. Simkin, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3132

ARCHIMEDES F. NOBLES

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070567-I-1.

_____

DECIDED: June 10, 2008

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, GAJARSA, Circuit Judge.

PER CURIAM

Archimedes F. Nobles appeals from a final order of the Merit Systems Protection Board ("MSPB") affirming an administrative judge's decision to dismiss his request for retirement benefits under the Civil Service Retirement System ("CSRS") for lack of jurisdiction and separately on the grounds of res judicata. Nobles v. Office of Personnel Mgmt., SF-0831-07-0567-I-1 (M.S.P.B. Dec. 27, 2007). Because the appeal is barred by claim preclusion, we affirm.

BACKGROUND

This is the third attempt by Archimedes F. Nobles to obtain retirement benefits under the CSRS. Mr. Nobles was employed by the Department of the Navy ("Navy") in the Philippines from 1964 to 1992, with a brief intermission from the end of 1974 to the beginning of 1975. Mr. Nobles retired because of the closure of U.S. Naval Base Subic Bay in Zambales, Philippines at the end of 1992. Shortly after his retirement, Mr. Nobles sought CSRS annuity benefits based on his approximately twenty-seven years of service.

After his initial request for an annuity under the CSRS was denied on August 16, 1993, Mr. Nobles requested reconsideration from the Office of Personnel Management ("OPM") on September 1, 1993. The initial decision was affirmed on October 22, 1993 by the OPM. Mr. Nobles subsequently appealed to the MSPB, whereupon the administrative judge affirmed the OPM's reconsideration decision affirming the initial decision to deny benefits pursuant to the CSRA. Nobles v. Office of Personnel Mgmt., SE-0831-94-0165-I-1 (M.S.P.B. Mar. 15, 1994). The full board denied Mr. Nobles' petition for review on July 22, 1994 and that decision was subsequently affirmed by this Court on August 14, 1995. Nobles v. Office of Personnel Mgmt., 64 F.3d 676 (Fed. Cir. 1995), cert. denied 517 U.S. 1138 (1996) (Nobles-I).

Ten years later, Mr. Nobles again inquired about CSRS benefits. OPM responded by informing Nobles that a final decision had already been reached in his case. Thereafter Mr. Nobles again appealed the OPM's response to the MSPB, which was dismissed by the administrative judge as barred by the doctrine of res judicata. Nobles v. Office of Personnel Mgmt., SE-0831-06-0577-I-1 (M.S.P.B. Aug. 22, 2006)

(Nobles-II). The dismissal became final on September 26, 2006, when no petition for review was filed.

This appeal arises from a third inquiry by Mr. Nobles regarding CSRS annuity benefits, in which he now requests to make a deposit with the CSRS fund, presumably to overcome the problem that no CSRS deduction had ever been withheld from his pay. The fact that Mr. Nobles never made a contribution to the CSRS fund during his Navy service is an indication that he is not entitled to benefits under the program but it is not the cause of his ineligibility. Because his employment was accomplished under a series of non-appropriated fund activity appointments and excepted appointments of a temporary or indefinite duration, the MSPB determined that Mr. Nobles' service was not covered by CSRS benefits under 5 U.S.C. § 8333(b). Accordingly, the OPM responded to his third request by informing Mr. Nobles that he is not eligible to make a deposit to the CSRS fund, at which point he sought review of the OPM letter. See 5 C.F.R. § 831.2104. The administrative judge again dismissed Mr. Nobles' appeal, this time on the grounds that the MSPB lacked jurisdiction to hear the appeal and on the basis of res judicata. Nobles v. Office of Personnel Mgmt., SF-0831-07-0567-I-1 (M.S.P.B. Sept. 12, 2007). Nobles' subsequent petition for review by the MSPB was denied in a final decision dated December 27, 2007. He now timely appeals to this Court.

DISCUSSION

This court has jurisdiction over appeals from the MSPB pursuant to 28 U.S.C. § 1295(a)(9). We review questions of MSPB jurisdiction de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). The MSPB's jurisdiction is not plenary, but limited to

actions expressly made appealable to it by statute or regulation. See 5 U.S.C. § 7701(a); Middleton, 185 F.3d at 1379. The appellant bears the burden of establishing the MSPB's jurisdiction by a preponderance of the evidence. See 5 C.F.R. § 1201.56(a)(2)(i). If the MSPB had jurisdiction to adjudicate this appeal, its decision must be affirmed unless we determine that it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Hayes v. Dep't of Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Here, the first question is whether the letter from the OPM to Mr. Nobles of April 5, 2007 constitutes a final reconsideration decision on the merits. 5 U.S.C. § 8347(d)(1); 5 C.F.R. §§ 831.109(f), 831.110. Without a final reconsideration decision from the OPM the MSPB lacks jurisdiction to hear appeals, unless the OPM improperly failed or refused to issue a reconsideration decision. Muyco v. Office of Personnel Mgmt., 104 M.S.P.R. 557, 560 (2007) (noting that the MSPB "has jurisdiction over an OPM determination on the merits of an individual's application for CSRS retirement benefits only after [the] OPM has issued a final decision, that is, a reconsideration decision on the merits of the application."). Because the OPM concludes that Mr. Nobles is not entitled to make a deposit in the CSRS fund, a claim not raised in prior litigation, it does appear to affect his rights beyond those previously adjudicated in Nobles-I and Nobles-II.

Assuming that this claim constitutes a separate action, as Mr. Nobles contends, and consequently that jurisdiction may be proper, his claim is nevertheless barred by

res judicata. Under the doctrine of res judicata, a final judgment on the merits precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94 (1980). Claim preclusion prevents Mr. Nobles from raising a new claim that could have been advanced in Nobles-I. Pactiv Corp. v. Dow Chemical Co., 449 F.3d 1227, 1230 (Fed. Cir. 2006). For claim preclusion to bar a new claim, it must be based on the same set of transactional facts as the earlier one. Int'l Air Response v. U.S., 302 F.3d 1363, 1368 (Fed. Cir. 2002); Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1363 (Fed. Cir. 2000) (explaining that "courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'"). Mr. Nobles effectively acknowledges that his goal in bringing the present claim is to obtain annuity benefits under the CSRA based on his many years of Navy service.

Permitting Mr. Nobles to make a CSRS deposit would not transform his non-covered service into covered service and is ultimately irrelevant to the resolution of this appeal. See Quicson v. Office of Personnel Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007) (holding that a "retroactive deposit does not convert a non-covered position into a covered position."). Accordingly, the MSPB's decision is affirmed.