NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY M. AUGUSTA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1040

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01145-CNL, Judge Carolyn N. Lerner.

---

Decided: April 15, 2026

---

ANTHONY M. AUGUSTA, Ocala, FL, pro se.

JAMES WILLIAM POIRIER, I, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, BRETT SHUMATE, FRANKLIN E. WHITE, JR.

---

Before PROST, CLEVENGER, and STARK, *Circuit Judges*.

PER CURIAM.

Anthony M. Augusta appeals a decision by the U.S. Court of Federal Claims ("Claims Court") dismissing his complaint for lack of jurisdiction. App'x 25–26.[1] For the following reasons, we affirm.

## BACKGROUND

Mr. Augusta filed a complaint in the Claims Court seeking redress for the denial of his service-connected disability benefits claim by the Department of Veterans Affairs ("VA") and for alleged improprieties during the processing of his applications for VA benefits. App'x 25. Mr. Augusta has filed numerous suits with the Claims Court, at least two of which concern the same general facts underlying his claims for relief sought in this case. *See, e.g.*, *Augusta v. United States*, No. 1:18-cv-562, 2018 WL 2227779, at *1 (Fed. Cl. May 16, 2018) ("*Augusta I*"); *Augusta v. United States*, No. 1:18-cv-883, 2018 WL 6721748, at *1 (Fed. Cl. Dec. 20, 2018) ("*Augusta II*").

In this case, the government filed a motion to dismiss, arguing that the Claims Court lacks subject-matter jurisdiction. The Claims Court granted that motion, concluding: (1) it lacks jurisdiction over Mr. Augusta's allegations; and (2) Mr. Augusta's allegations are precluded by res judicata principles. App'x 25–26.

Mr. Augusta timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1] "App'x" refers to the appendix included with Mr. Augusta's informal opening brief at ECF No. 8. When citing specific pages, we cite the page numbers supplied by the electronic filing system in the header of the document.

DISCUSSION

We review the determination of the Claims Court's jurisdiction de novo and any factual findings relating to jurisdiction for clear error. *Biafora v. United States*, 773 F.3d 1326, 1334 (Fed. Cir. 2014).

Mr. Augusta's main argument on appeal appears to be that the Claims Court erred in dismissing his constitutional due process claims concerning the alleged improper processing of his VA claim. That argument fails.

It is well established that the Claims Court lacks jurisdiction over standalone due process claims because they do not constitute a money-mandating source of law. *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (due process claims do not form "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"). Here, because Mr. Augusta argues only due-process claims, he has failed to identify a money-mandating source of law to confer the Claims Court with jurisdiction. To the extent he argues that the Tucker Act provides jurisdiction based on his underlying VA claim, Congress's statutory scheme for adjudicating VA benefits claims displaces Tucker Act jurisdiction. *See United States v. Bormes*, 568 U.S. 6, 12–13 (2012).[2]

Furthermore, Mr. Augusta fails to demonstrate that res judicata principles are inapplicable. The Claims Court found that Mr. Augusta's complaint "[e]cho[ed]" the claims made in two of his prior cases, and that res judicata

---

[2] Mr. Augusta's reliance on *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009), is misplaced. Informal Reply Br. 3. *Cushman*'s acknowledgement that a veteran may have due-process rights concerning disability benefits adjudicated in the VA system does not create Tucker Act jurisdiction for the Claims Court. *Cushman* was an appeal from the Court of Appeals for Veterans Claims.

principles applied to the issues of jurisdiction. App'x 25–26. The Claims Court explained that *Augusta I* found "Congress vested exclusive jurisdiction over cases for veterans disability benefits with the Court of Appeals for Veterans Claims" and *Augusta II* disposed of his "[d]ue [p]rocess and [t]akings claims for lack of jurisdiction." App'x 25–26. Mr. Augusta's failure to perfect an appeal in these prior cases confirms that he is foreclosed from raising the same jurisdictional issues in this case. *See Int'l Air Response v. United States*, 302 F.3d 1363, 1369 (Fed. Cir. 2002).

## CONCLUSION

We have considered Mr. Augusta's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## AFFIRMED

### COSTS

No costs.